89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alvis COPELAND, Jr.; also known as Jumping Jody; also
known as Jody, Defendant-Appellant.
 No. 95-2147.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1996.
 
 Before: MERRITT, Chief Judge; KEITH and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from the resentencing of a convicted defendant pursuant to remand from this court. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1994, Alvis Copeland was sentenced to a 324 month term of incarceration after being found guilty by a jury of conspiring to distribute cocaine, in violation of 21 U.S.C. § 846. A panel of this court affirmed the conviction but remanded the cause for recalculation of Copeland's base offense level. United States v. Copeland, 51 F.3d 611 (6th Cir.), cert. denied, 116 S.Ct. 199 (1995).
 
 
 3
 The district court conducted a second hearing to address the issue presented by the remand, as well as any other concerns raised by the parties, and imposed a 262 month term of imprisonment. This appeal followed. Counsel for Copeland filed a motion to withdraw as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Copeland was served with this motion and a copy of the brief and was invited to respond, see Freels v. Hills, 843 F.2d 958, 961 & n. 3 (6th Cir.), cert. denied, 488 U.S. 997 (1988), but chose not to do so.
 
 
 4
 The district court's original sentence calculation was based in part on its conclusion that Copeland should be held accountable for distributing more than 1500 grams of cocaine base (crack) during the life of the conspiracy. The panel hearing Copeland's first appeal held, in conjunction with a confession of error by the government, that the district court erred in determining the amount of crack Copeland distributed. Copeland, 51 F.3d at 617-18. The court remanded for a new determination without expressing any opinion as to what Copeland's sentence should be.
 
 
 5
 On remand, the matter proceeded to a hearing. The court initially entertained Copeland's arguments concerning his attorney's alleged conflict of interest and the government's refusal to give him a chance to accept responsibility for his conduct pursuant to USSG § 3E1.1. The court then reviewed the testimony adduced at Copeland's trial and concluded that he should be held accountable for distributing 1000 grams of crack. The court arrived at the identical guideline range of 262-327 months as before, but this time it chose to sentence Copeland at the low end, instead of the high end, of the range.
 
 
 6
 Counsel for Copeland set forth four arguable issues for appellate consideration in furtherance of his duty under Anders. None of these issues has any merit. The record does not reflect any conflict of interest through counsel's representation of Copeland's associate Mark Spearman. Copeland was not wrongfully denied a chance to accept responsibility under the guidelines and the drug quantity calculation is not clearly erroneous. Finally, Copeland's criminal history is not at issue on appeal.
 
 
 7
 Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.