**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jeffrey Leon DALE, Defendant–
Appellant.**

**No. 97–6082.**

United States Court of Appeals,
Sixth Circuit.

Submitted Jan. 14, 1999.

Decided May 27, 1999.

Philip L. Duval (briefed), Chattanooga, Tennessee, for Defendant–Appellant.

Gregg L. Sullivan, Assistant U.S. Attorney (briefed), Chattanooga, Tennessee, for Plaintiff–Appellee.

Before: BOGGS, SILER, and GILMAN, Circuit Judges.

## OPINION

SILER, Circuit Judge.

Jeffrey Dale was convicted on one count of conspiracy to distribute both cocaine base (crack) and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. His sentence of 295 months was calculated under the Sentencing Guidelines and the statutory maximum sentence of 40 years imprisonment for conspiring to distribute crack. He appeals both the conviction and the

sentence. He argues on appeal that the single count was duplicitous in that it charged him with two separate offenses. We remand for the reasons stated herein.

## I. BACKGROUND

Dale was a prisoner at Silverdale, a workhouse in Hamilton County, Tennessee. He was the cellmate of Anthony Jones, a prisoner who had contacted the FBI about the availability of illegal drugs inside Silverdale and who cooperated with the FBI in its investigation of the case. Also charged in the conspiracy were Curtis Moore, a guard, and Tammy Gutshall Dale ("Gutshall"), defendant's wife. Moore and Gutshall pled guilty to the conspiracy count of the indictment.

In the course of the conspiracy, packages containing both crack and marijuana were brought into Silverdale by Moore and given to Jones. Gutshall participated as an outside contact and maintained communications with Dale about the smuggling of drugs into the prison. Dale is apparently a crack addict who has repeatedly bought and sold drugs within the prison, and although he was known to use both crack and marijuana, the majority of the evidence about his prison distributions related to marijuana. Two counts of the indictment charged Dale and Gutshall with distributing and attempting to distribute marijuana, but those counts were dismissed at the conclusion of the government's case for insufficient evidence.

Prior to trial, the court denied Dale's motion to dismiss or sever the conspiracy count of the indictment on the grounds of duplicity. At the final pre-trial conference, the district court stated that while the jury would be given an instruction that it would have to unanimously agree as to which controlled substance, or both, the defendants conspired to distribute in order to return a guilty verdict on the multiple-object conspiracy, the jury would only return a general verdict. Dale moved for a Rule 29 judgment of acquittal on all counts at the end of the government's case.

While the motion was granted as to the substantive counts involving marijuana distribution, it was denied as to the conspiracy count. The jury received the specific unanimity charge and then returned a general verdict of guilty on the conspiracy count.

Dale then filed a motion for new trial, contending that the verdict was ambiguous. That motion was denied.

## II. DISCUSSION

While the only issue Dale explicitly raises in this appeal is whether the district court erred in not granting the motion to dismiss or sever the conspiracy count of the indictment because that count included both crack and marijuana, he also briefly addresses the issue of the sentence imposed when he discusses the prejudicial consequences of the alleged duplicity of the conspiracy count. He properly notes that the sentence for a conspiracy involving only the distribution of marijuana would be significantly lower than the sentence for a conspiracy involving crack.

A. *Is a single count of an indictment duplicitous and therefore the source of reversible error when it charges a conspiracy to distribute two different controlled substances?*

It has been clear since *Braverman v. United States,* 317 U.S. 49, 54, 63 S.Ct. 99, 87 L.Ed. 23 (1942), that the allegation, in a single count of conspiracy, of an agreement to commit several crimes is not duplicitous, as conspiracy is itself the crime. *See also United States v. Solimine,* 536 F.2d 703, 711 n. 31 (6th Cir. 1976). A single conspiracy may have as its objective the distribution of two different drugs without rendering it duplicitous. *See, e.g., United States v. Clark,* 67 F.3d 1154, 1160 (5th Cir.1995).

The indictment charged Dale with a single conspiracy to distribute both marijuana and crack within Silverdale. Evidence was presented which supported the

distribution of both drugs. While Dale moved under Rule 29 for an acquittal on all counts after the government's case had closed, he no longer seems to dispute the sufficiency of the evidence on the conspiracy to distribute marijuana. He argues that the jury, based on the specific unanimity instruction, could have found that he only conspired to distribute marijuana, rather than both drugs, in returning the general verdict. This ambiguity, he says, indicates the danger of duplicity. Instead, his argument actually goes to the sentencing issue addressed below. The conspiracy count was not duplicitous, and the district court did not err in refusing to sever or dismiss the count.

*B. Is Dale's sentence improper where the jury was given an enhanced unanimity instruction but only a general verdict form and where the sentence exceeds the maximum sentence for conspiracy to distribute marijuana?*

■■■■ While Dale's conviction for conspiracy to distribute both marijuana and crack will stand if Dale was given an appropriate sentence, whether the sentence was appropriate remains in question. *See Griffin v. United States*, 502 U.S. 46, 56–57, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991) (" 'When a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, as [defendant]'s indictment did, the verdict stands if the evidence is sufficient with respect to any one of the acts charged.' " (quoting *Turner v. United States*, 396 U.S. 398, 420, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970))). Dale does not challenge his conviction as it relates to a con-

spiracy to distribute marijuana. He did not argue at sentencing that he should, on the basis of the general jury verdict and the enhanced unanimity instruction, be sentenced only for a conspiracy to distribute marijuana, rather than crack. The sentence will thus be reviewed for plain error only. *See United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Plain error exists where denial of review would result in a manifest miscarriage of justice. *See United States v. Cox*, 957 F.2d 264, 265 (6th Cir.1992).

Seven of the eight circuits that have directly considered this issue have decided that the punishment imposed cannot exceed the shortest maximum penalty authorized in the statutes criminalizing the multiple objects if the punishment authorized by the conspiracy statute depends on the punishment provided for the substantive offenses which were the objects of the conspiracy.[1] That is the case here. The maximum sentence for conspiring to distribute a controlled substance depends on the controlled substance to be distributed. 21 U.S.C. § 846. Given the facts in this case, the maximum sentence for a conspiracy to distribute marijuana is five years, 21 U.S.C. § 841(b)(1)(D), while a conspiracy to distribute crack would yield a forty-year maximum sentence, 21 U.S.C. § 841(b)(1)(B).

Five courts of appeals have held that when the jury returns a general verdict to a charge that a conspiratorial agreement covered multiple drugs, the defendant must be sentenced as if he distributed only the drug carrying the lower penalty.[2]

**1.** *See United States v. Garcia*, 37 F.3d 1359, 1370 (9th Cir.1994); *United States v. Fisher*, 22 F.3d 574, 576 (5th Cir.1994); *United States v. Owens*, 904 F.2d 411, 414–15 (8th Cir. 1990); *Newman v. United States*, 817 F.2d 635, 637–39 (10th Cir.1987); *United States v. Orozco–Prada*, 732 F.2d 1076, 1083–84 (2d Cir.1984); *United States v. Quicksey*, 525 F.2d 337, 340–41 (4th Cir.1975); *Brown v. United States*, 299 F.2d 438 (D.C.Cir.1962). The one court that seems to disagree, the Seventh Circuit, faced a drug conspiracy case involving

more than one controlled substance but was addressing a problem of applying the sentencing guidelines rather than a problem of a minimum or maximum statutory sentence. *See United States v. Edwards*, 105 F.3d 1179, 1180 (7th Cir.1997), *aff'd*, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998).

**2.** *See United States v. Barnes*, 158 F.3d 662, 668 (2d Cir.1998); *United States v. Garcia*, 37 F.3d 1359, 1370 (9th Cir.1994); *United States v. Bounds*, 985 F.2d 188, 194–95 (5th Cir.

While neither the Sixth Circuit nor the Supreme Court has directly addressed the issue at hand, the decision in a case presenting a related issue does lend some light to the question. In *Edwards v. United States*, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998), the Court held that a judge is authorized to determine for sentencing purposes, after a general guilty verdict on a charged conspiracy to distribute both cocaine and crack, whether crack, as well as cocaine, was involved in the conspiracy to distribute and may also determine the amounts involved. In addition, the Court noted the judge's ability to consider "relevant conduct" for purposes of sentencing; however, the Court added that "petitioners' statutory and constitutional claims would make a difference if it were possible to argue, say, that the sentences imposed exceeded the maximum that the statutes permit for a cocaine-only conspiracy. That is because a maximum sentence set by statute trumps a higher sentence set forth in the Guidelines." *Edwards*, 118 S.Ct. at 1477.

■ In *Edwards* the sentences imposed were within the statutory limits applicable to a cocaine-only conspiracy, so the "difference" referred to by the Court was not relevant to the case. The implication here, however, is that the shorter maximum sentence should be used if the verdict is merely general, rather than specific, and the one drug allows for a sentence above the maximum for another charged drug. This implication is strengthened by the Court's approving reference to *United States v. Orozco–Prada*, 732 F.2d 1076, 1083–84 (2d Cir.1984), which held that following a general jury verdict on a conspiracy to distribute both cocaine and marijuana, a court may not sentence a defendant under the statutory penalties for cocaine conspiracy, as the jury may have found only a marijuana conspiracy.

In *Orozco–Prada* the Second Circuit explained that while special verdicts are generally not favored in criminal cases, they are appropriate when the information sought is relevant to the sentence to be imposed. *See Orozco–Prada*, 732 F.2d at 1084. The Second Circuit's procedure in such cases is to withhold judgment on the conviction for thirty days. The government may, within that time, consent to a re-sentencing. If the government does so, the court affirms the conviction and remands the case for re-sentencing. If the government does not consent, the court vacates the conviction and remands the case for a new trial.

■ The question of a forfeiture of the issue of a special verdict is also addressed by the Second Circuit, which held that it is the responsibility of the government to request a special verdict, meaning that the defendant does not forfeit the sentencing issue on appeal when he fails to seek a special verdict at trial. *See United States v. Barnes*, 158 F.3d 662, 672 (2d Cir.1998). The Ninth Circuit even reviews the sentence *de novo* when the government does not seek a special verdict although the information available through a special verdict is relevant to the sentence. *See United States v. Garcia*, 37 F.3d 1359, 1369–70 (9th Cir.1994). Here, counsel for Dale did raise the issue of a special verdict, although not in so many words, but he did not press the issue or formally object to the general verdict procedure used. Still, the question is addressed in this appeal rather than considered forfeited because the use of the general verdict procedure was plain error. *See Cox*, 957

1993); *United States v. Owens*, 904 F.2d 411, 414–15 (8th Cir.1990); *Newman v. United States*, 817 F.2d 635, 637 (10th Cir.1987). In addition, in dicta, the Eleventh Circuit has interpreted *Edwards v. United States*, 523 U.S. 511, ——, 118 S.Ct. 1475, 1477, 140 L.Ed.2d 703 (1998), to hold that in a conspiracy to distribute case with two controlled substances but only a general verdict, "if the amount of one substance involved leads to a lower statutory maximum sentence than would apply to the amount of the other substance ... then the district court must stay below the lower statutory maximum." *United States v. Riley*, 142 F.3d 1254, 1256 (11th Cir.1998).

F.2d at 265. Dale's sentence of 295 months is 235 months longer than the 5-year statutory maximum for conspiracy to distribute marijuana, thus creating a potential "manifest miscarriage of justice" which calls for review by this court.

## III. CONCLUSION

In light of the thirty-five year difference in statutory maximum sentences here, the district court committed plain error when it sentenced Dale using the statutory maximum sentence for crack rather than for marijuana. We could fashion a remedy similar to the one declared in *Orozco–Prada* by withholding judgment on the sentence in order to allow the government to elect whether to consent to a five-year sentence or to retry the case. We will effect the same result by remanding the case to the district court to allow the election by the government at the trial level.

REMANDED.