Gordon **HENRY**, Petitioner–Appellant,

v.

George E. **SNYDER**, Respondent–Appellee.

No. 00–5213.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2001.

Before BOGGS and MOORE, Circuit Judges; BELL, District Judge.*

Gordon Henry, a pro se federal prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This appeal has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not necessary. See Fed. R.App. P. 34(a).

On February 6, 1992, a jury in the United States District Court for the Western District of Tennessee found Henry guilty of conspiracy to possess and distribute controlled substances. See 21 U.S.C. § 846. Henry received a sentence of 168 months of imprisonment and three years of supervised release. His conviction was affirmed on appeal. On November 5, 1993, he filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied. This court affirmed that decision.

On January 24, 2000, Henry filed his § 2241 petition, claiming that the district court improperly sentenced him based on the guidelines for dilaudid when he should have been sentenced based on the guidelines for marijuana. Henry cited *Edwards v. United States*, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998), and *United States v. Dale*, 178 F.3d 429 (6th Cir.1999), in support of his argument. The district court denied the petition because Henry had not shown that his remedy under § 2255 was inadequate or ineffective to challenge his detention. See 28 U.S.C. § 2255 (fifth paragraph); *Charles v. Chandler*, 180 F.3d 753, 756–57 (6th Cir.1999).

Upon review, we conclude that Henry's claim is without merit for the reasons stated by the district court. First, *Dale* is not a Supreme Court case, and *Edwards* is not retroactive. So Henry has not shown proper authority in support of his claim. Second, this court on appeal held that the testimony of witnesses showed that Henry distributed dilaudid. It is proper to rely on such a finding in a post-conviction relief proceeding. See *Myers v. United States*, 198 F.3d 615, 619 (6th Cir.1999) (§ 2255 proceeding). Given these conclusions, it is clear that Henry has not shown that he is factually innocent of the sentence imposed upon him. See *Charles*, 180 F.3d at 757.

The order of the district court is affirmed. See Rule 34(j)(2)(C), Rules of the Sixth Circuit.