**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cedric JOHNSON, Defendant–
Appellant.**

**No. 01–5008.**

United States Court of Appeals,
Sixth Circuit.

Nov. 28, 2001.

---

Before MOORE and COLE, Circuit Judges; and FORESTER, District Judge.*

* The Honorable Karl S. Forester, Chief Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation.

FORESTER, District Judge.

Defendant-appellant Cedric Johnson ("Johnson") appeals his sentence for conspiracy to possess with intent to distribute cocaine, cocaine base and marijuana. For the following reasons, we AFFIRM.

I.

On August 18, 1997, a grand jury returned a superseding indictment charging the defendant, Cedric Johnson, and several co-defendants, with (1) conspiracy to possess with intent to distribute in excess of fifteen (15) kilograms of cocaine and cocaine base, Schedule II controlled substances; and (2) conspiracy to possess with intent to distribute in excess of one hundred (100) pounds of marijuana, a Schedule I controlled substance, both in violation of 21 U.S.C. § 841(a)(1). Some of Johnson's co-defendants pled guilty; Johnson proceeded to trial.

At trial, Johnson requested that the district court submit a special verdict form so the jury could ascertain whether he was guilty of conspiring to possess with intent to distribute cocaine or marijuana or both. Johnson argued that if he only was convicted of conspiring to possess marijuana with the intent to distribute, then his potential sentence was capped at a maximum of five years. See 21 U.S.C. § 841(b)(1)(d). The district court judge denied his motion and sentenced Johnson to 188 months of imprisonment followed by five years of supervised release.

Johnson appealed his sentence and this Court reversed and remanded for re-sentencing. See United States v. Randolph, 230 F.3d 243, 252 (6th Cir.2000). Relying on United States v. Dale, 178 F.3d 429 (6th Cir.1999), this Court noted that when

a defendant is convicted under a general verdict for conspiracy to possess [controlled substances] and the substances involved carry different sentencing consequences, . . . it [is] 'plain error' to impose on such a defendant a sentence which surpasse[s] the maximum allowable for the object of the conspiracy carrying the least grave sentencing consequences.

Randolph, 230 F.3d at 252 (citing Dale, 178 F.3d at 433). The Court vacated the sentence imposed on Johnson and remanded the case for re-sentencing. The panel directed the trial court to sentence Johnson for conspiracy to possess marijuana, "the controlled substance carrying the more lenient statutorily prescribed sentence." Id.

On remand, the district court re-sentenced Johnson to a term of sixty months followed by five years of probation. During the sentencing hearing, Johnson argued that the district court was instructed to sentence him based on the quantity of marijuana proven by the government. Alternatively, Johnson argued that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) required the government to prove drugs and quantities, as elements of the offense, beyond a reasonable doubt. Johnson concluded that if either of these arguments were successful, the sentencing guideline range would have been thirty-three to forty-one months.

After hearing the arguments, the trial court concluded that Johnson's sentencing range remained 188 to 235 months. However, because this Court directed the trial court to sentence Johnson only for the conspiracy to possess marijuana, the trial court sentenced him to sixty months imprisonment, the statutory maximum for marijuana. Johnson filed this timely appeal over which we have jurisdiction pursuant to 28 U.S.C. § 1291.

II.

Johnson raises two related issues on appeal. First, Johnson argues that by

considering cocaine and cocaine base as relevant conduct, the trial court misinterpreted this Court's instruction to sentence using marijuana as the determinative substance. Second, Johnson contends that by enhancing his sentence using possession of cocaine and cocaine base as relevant conduct, the trial court denied Johnson his right to a jury trial on those issues.

### A.

■ For sentencing purposes, " '[t]his Court applies a clearly erroneous standard of review to the district court's factual findings, and, while giving due deference to the district court's application of the guidelines to those facts, it renders · *de novo* review of the district court's legal conclusions.' " *U.S. v. Curly,* 167 F.3d 316, 318 (6th Cir.1999) (quoting *United States v. Smith,* 39 F.3d 119, 122 (6th Cir.1994)).

### B.

Appellant alleges that the trial court misinterpreted this Court's remand instruction and erred by sentencing him to a sixty month term under the Federal Sentencing Guidelines. On Johnson's first appeal, this Court vacated his sentence and remanded for re-sentencing with directions that he be sentenced for conspiracy to possess the controlled substance carrying the least grave maximum statutory sentence, in this case, marijuana. *Randolph,* 230 F.3d at 252. Johnson argues that this Court implied that the trial court could not consider cocaine or cocaine base for sentencing purposes. We disagree.

■ As noted above, we relied on our prior decision in *Dale* when we remanded Johnson's case for re-sentencing. The *Dale* court, adopting the wisdom of five circuits, held that when a jury returns a general verdict for a conspiracy charge

involving multiple drugs, the defendant must be sentenced as though he conspired to distribute only the drug carrying the lowest statutory penalty. *See Dale,* 178 F.3d at 432–33. We echoed this holding in *Randolph.* However, neither *Dale* nor *Randolph* expressly or implicitly precluded the use of related conduct for sentencing purposes. In fact, the *Dale* court cited *Edwards v. United States,* 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998) for the opposite proposition. Specifically, the Supreme Court held that, for sentencing purposes, if a jury returns a general verdict on a charged conspiracy to distribute more than one drug, then a trial court may determine what drugs were involved in the conspiracy. *See Edwards,* 523 U.S. at 514–515, 118 S.Ct. 1475. The Supreme Court also proposed in dicta that a trial court may consider such relevant conduct for purposes of sentencing, provided that the sentence imposed does not exceed the statutory maximum for the drug carrying the more lenient sentence. *Id.* This proposition subsequently was confirmed in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The sentence imposed here was within the statutory limits applicable to a marijuana conspiracy; therefore, the sentence complies with established legal precedent and this Court's order in *Randolph.*

### C.

■ Johnson also contends that by enhancing his sentence using possession of cocaine and cocaine base as relevant conduct, the trial court denied Johnson his right to a jury trial on those issues. In short, Johnson argues that the Federal Sentencing Guidelines have the force and effect of laws analogous to statutory maximums. It follows, according to Johnson, that a jury must determine beyond a reasonable doubt any of the defendant's con-

duct that might alter the maximum guideline range. The Court finds this argument to be without merit.

■ In *Apprendi v. New Jersey,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added). By its very terms, *Apprendi* only applies if the defendant is sentenced beyond the statutory maximum. *Id.* The trial court sentenced Johnson to a five year term, which is the statutory maximum sentence for possession with the intent to distribute less than fifty kilograms of marijuana. *See* 21 U.S.C. § 841(b)(1)(D).

■ Furthermore, the Federal Sentencing Guidelines expressly permit sentencing courts to consider conduct that is "part of the same course of conduct or common scheme or plan as the offense of conviction" as a factor in determining the Guideline range. *See* U.S.S.G. § 1B1.3(a)(2); *Edwards,* 523 U.S. at 513–515, 118 S.Ct. 1475. The trial judge determines the existence of such relevant conduct at sentencing by a preponderance of the evidence. *United States v. Corrado,* 227 F.3d 528, 542 (6th Cir.2000) (citing *United States v. Voyles,* 995 F.2d 91, 93 n. 3 (6th Cir.1993)). Provided that the relevant conduct is used to enhance the defendant's sentence within the range authorized by statute, the trial judge may impose a higher Guidelines sentence. *See Witte v. United States,* 515 U.S. 389, 399, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995). Neither *Apprendi* nor its progeny alters this conclusion. *See, e.g., United States v. Munoz,* 233 F.3d 410, 413–14 (6th Cir.2000) (finding valid a sentence enhancement "based in part on the sentencing judges's determination by a preponderance of the evidence that defendant conspired to distribute" drugs other than those drugs to which he pleaded guilty because the enhanced sentence still fell within the statutory range). Accordingly, Johnson was not denied his right to a jury trial when the district court enhanced his sentence within the statutory confines for conspiracy to distribute marijuana.

### III.

Because the district court's factual findings were not clearly erroneous and the district court's application of the guidelines to those facts was consistent with legal precedent, we AFFIRM the district court's sentencing.