Alvis COPELAND, Jr., Petitioner–
Appellant,

v.

John HEMINGWAY, Respondent–
Appellee.

No. 01–2255.

United States Court of Appeals,
Sixth Circuit.

March 21, 2002.

Before SILER and GILMAN, Circuit

Judges; HEYBURN, District Judge.*

### ORDER

Alvis Copeland, Jr., a pro se federal prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, a jury convicted Copeland of conspiring to distribute powder cocaine in violation of 21 U.S.C. § 846 and acquitted Copeland of distributing cocaine base (crack). This court affirmed his conviction, but remanded the action for re-sentencing. *United States v. Copeland,* 51 F.3d 611 (6th Cir.1995). The district court thereafter sentenced Copeland to 262 months in prison, and this court affirmed the new sentence on appeal. *United States v. Copeland,* No. 95–2147, 1996 WL 343532 (6th Cir. June 20, 1996) (unpublished). Copeland has not previously sought collateral relief.

In his instant motion filed on June 20, 2001, Copeland asserted that: 1) his sentence was erroneously calculated based on the combined quantity of cocaine and crack, in violation of *United States v. Dale,* 178 F.3d 429 (6th Cir.1999); 2) the indictment was fatally flawed because it did not include the substantive counts, the overt acts of the conspiracy, the drug quantities, the names of the co-conspirators, the names of the co-defendants, and the penalty statute, as required by *Dunn v. United States,* 442 U.S. 100, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979), *Russell v. United States,* 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962), and *Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); and 3) his sentence is unconstitutional because the jury did not determine the drug quantity, as required by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court dismissed the action without prejudice to filing a 28 U.S.C. § 2255 motion, reasoning that a § 2241 petition was not the proper vehicle for bringing an *Apprendi*-based collateral attack and that Copeland had not made a colorable showing of actual innocence. Copeland moved to alter or amend the judgment and argued that the district court had not addressed his first two claims and that his acquittal on the crack charge established his innocence. The district court considered the motion, but denied it for the reasons stated in its previous order.

In his timely appeal, Copeland essentially reasserts the claims presented in his § 2241 motion.

 Upon de novo review, we conclude that the district court properly dismissed Copeland's § 2241 petition. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). If a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* — U.S. —, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001). But where, as here, a federal prisoner seeks to challenge the imposition of his sentence, on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to im-

* The Honorable John G. Heyburn II, United States Chief District Judge for the Western District of Kentucky, sitting by designation.

pose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. *See* 28 U.S.C. § 2255; *Charles,* 180 F.3d at 755–56; *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir.1998). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles,* 180 F.3d at 755–56; *Capaldi,* 135 F.3d at 1123.

■ Copeland initially argued in his motion that his § 2255 remedy was inadequate because its one-year statute of limitations had already expired. This argument lacks merit. A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. *Peterman,* 249 F.3d at 461.

■ Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence. *See id.; Charles,* 180 F.3d at 757. Copeland has failed to do so. *Dale,* cited in his first claim, is not applicable because it concerns sentencing where a single count referred to more than one kind of drug, which does not appear to have occurred here. The cases mentioned in his second claim all predate his conviction. The third claim may not be considered because *Apprendi* claims may not be raised in a § 2241 proceeding. In *Apprendi,* the Supreme Court announced a new rule of constitutional law. *In re Clemmons,* 259 F.3d 489, 491 (6th Cir.2001). Thus, should *Apprendi* be made retroactively available, Copeland will be able to raise his claim in a § 2255 proceeding. *See* 28 U.S.C. § 2255.

Finally, Copeland's argument that his acquittal on the crack cocaine charge proves his actual innocence does not fall within the scope of the savings clause as it does not show actual innocence based on an intervening change in law.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.