**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nathaniel Jaubar SPEARMAN,**
**Defendant–Appellant.**

No. 01–1315.

United States Court of Appeals,
Sixth Circuit.

June 19, 2002.

Before SILER and MOORE, Circuit Judges; STAFFORD, District Judge.*

Nathaniel Spearman appeals from his judgment of convictions and sentence. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Spearman pleaded guilty to one count of conspiring to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1), three counts of possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and one count of possessing with intent to distribute cocaine in violation of 18 U.S.C. § 841(a)(1). The district court sentenced Spearman to 211½ months of imprisonment and five years of supervised release, and the court imposed a $600 special assessment. In this timely appeal, Spearman argues that his sentence violates the rule of law set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Upon review, we conclude that Spearman's sentence does not violate the dictates of the *Apprendi* decision. In *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Spearman argues that the district court lacked jurisdiction to impose its sentence because his indictment did not set forth the applicable drug quantities. This argument is without merit. While the question of whether the indictment must set forth the drug quantity is

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

currently unsettled in this circuit, *see United States v. Stafford,* 258 F.3d 465, 476–77 (6th Cir.2001) (court concludes that it has not yet squarely addressed the issue and declines to do so on this occasion), *cert. denied,* — U.S. ——, — S.Ct. ——, 152 L.Ed.2d 500 (2002); *but see United States v. Strayhorn,* 250 F.3d 462, 467 (6th Cir.2001) (pursuant to *Apprendi,* "the government must name in the indictment the quantity of drugs for which it seeks to hold the defendant responsible"), the court has concluded that a defendant's rights are not affected when the defendant's admissions as to the sentencing factor overcome any omission of this information from the indictment. *Stafford,* 258 F.3d at 477–78.

Spearman's admissions as to the drug type and quantity overcome any error in the omission of this information from the indictment. As part of the plea agreement, Spearman admitted his involvement in distributing 150 to 500 grams of cocaine base and, at the plea hearing, he acknowledged distributing both cocaine and marijuana. Since Spearman acknowledged conspiring to distribute cocaine, he faced a twenty-year maximum sentence under the "catchall" provision for distributing cocaine set forth at 21 U.S.C. § 841(b)(1)(C). Because Spearman's sentence did not exceed the statutory maximum of the "catchall" provision, no *Apprendi* problem exists.

Nonetheless, in reliance on *United States v. Dale,* 178 F.3d 429 (6th Cir.1999), Spearman argues that, since he was convicted of conspiring to distribute marijuana and cocaine, the "catchall" five-year statutory maximum sentence for distributing marijuana under 21 U.S.C. § 841(b)(1)(D) should apply. In *Dale,* 178 F.3d at 432–33, this court concluded that, because it was not clear from the jury's general verdict whether it convicted the defendant of distributing marijuana or cocaine, the shorter statutory maximum (for

marijuana) should apply. Spearman's sentence does not present this problem. As part of his plea agreement and at his plea hearing, Spearman acknowledged distributing cocaine. Therefore, no ambiguity exists as to Spearman's distribution of cocaine, and the statutory maximum set forth at § 841(b)(1)(C) was properly applied. *See United States v. Neuhausser,* 241 F.3d 460, 468–70 (6th Cir.), *cert. denied,* — U.S. ——, 122 S.Ct. 181, 151 L.Ed.2d 125 (2001).

Accordingly, this court affirms the district court's judgment.