UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard N. GRANT (No. 01–1038) and
Cullie Palovich (No. 01–1306),
Defendants–Appellants.

Nos. 01–1038, 01–1306.

United States Court of Appeals,
Sixth Circuit.

Oct. 3, 2003.

Before BOGGS, Chief Circuit Judge, KRUPANSKY, Circuit Judge; and HOOD, District Judge.*

PER CURIAM.

We consider consolidated appeals from drug trafficking sentences imposed on Richard N. Grant and Cullie Palovich. Defendants were indicted for conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a) and § 846. They both pled guilty. Grant was sentenced to 240 months in prison and Palovich to 120 months. Grant now contends that he should not have been sentenced based on the statutory penalties permitted for certain quantities of cocaine to which he had specifically stipulated in his plea agreement and sentencing transcript. He also challenges a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2(D)1.1(b)(1). Palovich challenges his sentence based on the fact that the indictment did not specify a drug quantity, yet he was sentenced to a mandatory minimum sentence of ten years based upon his stipulation to the amount of drugs involved in his offense. We affirm.

I

■ Richard N. Grant was ultimately sentenced to 240 months in prison, well within the statutory maximum for trafficking in drugs that equated to at least five kilograms of cocaine. 21 U.S.C. § 841(b)(1)(A). During the course of the sentencing hearing, defendant several times affirmed that he "conspired with my co-defendants to traffic *marijuana and cocaine* to Michigan." (emphasis added). Even further, in a later colloquy defendant

agreed that "[i]n the worksheets ... we have agreed that the amount of *cocaine and marijuana together* is the equivalent of five to fifteen kilograms of cocaine" (emphasis added). There is thus no question that the ambiguity upon which defendant relies, citing *United States v. Dale*, 178 F.3d 429 (6th Cir.1999), does not exist. The situation in *Dale*, which led to a reversal, was that a jury's general verdict to "conspiracy to distribute crack cocaine and marijuana" could be based on the defendant's distributing crack, or marijuana, or both. Under those circumstances, we held that the higher penalties associated with crack could not automatically be applied and required that Dale be sentenced at the lesser level associated with only marijuana. *Id.* at 432–33.

In this case, however, there is no such ambiguity. There was no general jury verdict. Rather, defendant specifically pled guilty to and admitted to trafficking in both cocaine and marijuana, in amounts that "together" amounted to a specified cocaine equivalent. Thus, *Dale* does not bar defendant's sentence.

■ With respect to the claim based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we, and the Supreme Court, have held that there is no sentencing error when the sentencing court relies upon amounts that have been stipulated to, or are uncontestedly obvious from trial testimony. *See United States v. Cotton*, 535 U.S. 625, 632–33, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *United States v. Stines*, 313 F.3d 912, 917–18 (6th Cir.2002). Similarly, here defendant specifically stipulated, in the language of the Guidelines, to an amount sufficient to trigger the statutory basis for his sentence and a Guidelines basis sufficient to support that sentence.

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Finally, defendant challenges the two-level enhancement imposed for possession of a firearm during the commission of a drug offense. However, he makes virtually no argument in his appellate brief on this point, asking only that we reverse "for the reasons set forth in the pleadings and transcript" in the district court. This paucity of argument means that we are not obliged to consider this claim. *United States v. Hayter Oil Co.*, 51 F.3d 1265, 1269 (6th Cir.1995). Even so, we note that the discovery in his house, during the time of the conspiracy, of two semi-automatic assault rifles, with loaded magazines, along with a bulletproof vest and night-vision glasses, with no other explanation having been offered at the sentencing hearing, demonstrates that the district court did not err in finding that it was not "clearly improbable" that the possession of the firearms was connected with the drug crime. Thus, the district court did not err in this respect as well.

We therefore AFFIRM the sentence imposed on Grant by the district court.

## II

Cullie Palovich ultimately pled guilty to count I of an indictment charging him with conspiracy to possess within intent to distribute various drugs, in conspiracy with Richard N. Grant. Palovich similarly admitted to his trafficking in both drugs, and in the same quantity specified with respect to Mr. Grant. Palovich now appeals solely on the basis that no quantity was alleged on the face of the indictment, and that thus the court did not have jurisdiction to sentence him based on any specific quantity above the minimum. Palovich cites *Apprendi*, and this circuit's earlier decisions in *United States v. Ramirez*, 242 F.3d 348 (6th Cir.2001) and *United States v. Strayhorn*, 250 F.3d 462 (6th Cir.2001).

While Palovich's case is distinguishable from *Ramirez* and *Strayhorn* on its own terms at the time this claim was made, the claim is now absolutely foreclosed by more recent precedent not available at the time of briefing. In *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), a unanimous Supreme Court specifically held that failure to allege a drug quantity in an indictment is not a jurisdictional defect. *Id.* at 630–31.

Relatedly, Palovich claims that the court could not impose a mandatory minimum sentence (albeit within the statutory maximum for the crime for which he was indicted), without a jury determination of the necessary amount. However, this claim is also foreclosed by recent Supreme Court precedent. In *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), the Court held that the principle of *Apprendi* did not apply to imposition of a mandatory minimum sentence within the statutory maximum, based on judicial fact-finding. *See* 536 U.S. at 563–67 (plurality); *Id.* at 569–70 (Breyer, J., concurring). We have since followed this decision and held that "*Ramirez, Strayhorn* and all other cases … in which we have held that *Apprendi* applies to mandatory minimum sentences are overruled to the extent that the conflict with *Harris* and this opinion." *United States v. Leachman*, 309 F.3d 377, 383 (6th Cir.2002).

These are the only claims brought and argued by Palovich in his brief, but to the extent his claim contests in any way the quantities for which he was actually sentenced, his case is identical with that of Grant, and for the same reasons the district court did not err in sentencing him.

We therefore AFFIRM the judgment and sentence of the district court with respect to Mr. Palovich.