**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted February 23, 2009[*]
Decided March 24, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 06-3002

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois. |
| *v.* | |
| | No. 04-CR-688 |
| ROSALIO GRADILLA, | |
| *Defendant-Appellant*. | Harry D. Leinenweber, *Judge*. |

**O R D E R**

On September 29, 2005, a grand jury returned a twenty-one-count indictment charging Rosalio Gradilla and several others with various drug-related offenses. Among other crimes, Gradilla was charged with conspiracy to possess with intent to distribute over five kilograms

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R. App. P.34(a)(2).

of cocaine in violation of 21 U.S.C. § 846, and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). A jury trial commenced on October 31, 2005. On November 5, before the jury returned a verdict, Gradilla pled guilty to all charges against him. The district court sentenced him to 151 months' imprisonment and five years of supervised release.

Gradilla appeals, but his lawyer has moved to withdraw because he cannot discern any non-frivolous arguments to pursue. *See Anders v. California*, 386 U.S. 738 (1967). We invited Gradilla to comment on his counsel's submission, *see* 7th Cir. R. 51(b), and he filed a memorandum opposing the motion to withdraw, citing several objections to his sentence.[1] We briefly address Gradilla's arguments but find all of his claims to be frivolous.

First, Gradilla challenges the quantity of drugs the district court attributed to him. Specifically, he argues that the district court failed to determine whether the acts of drug distribution affecting his sentence were within the scope of the conspiracy and foreseeable to him. This argument is frivolous.

The district court has the discretion to determine the facts relevant to sentencing. *United States v. Sandles*, 80 F.3d 1145, 1148 (7th Cir. 1996). The court may consider any information that includes "'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Morrison*, 207 F.3d 962, 967 (7th Cir. 2000) (quoting *United States v. Robinson*, 164 F.3d 1068, 1070 (7th Cir. 1999)).

In Gradilla's PSR, the probation officer recommended that the court impose the maximum base offense level of 38, based on the government's assertion that the conspiracy involved in excess of 1,000 kilograms of cocaine. Contrary to Gradilla's contention, the district court *did* inquire at the sentencing hearing about what quantity of the drugs were attributable to Gradilla. The government informed the court that Gradilla's co-conspirator, Jose Jiminez, had testified that Gradilla delivered over 300 kilograms of cocaine to him. Gradilla presented nothing to contradict that testimony. Considering that 300 kilograms of cocaine is sufficient to trigger the maximum base offense level of 38, the district court did not find it necessary to determine whether Gradilla was responsible for distributing 1000 kilograms of cocaine. Instead, it applied a base offense level of 38 based on the 300 kilograms Gradilla had himself distributed. This finding was supported by ample reliable evidence, and Gradilla's argument is entirely without merit.

---

[1] Gradilla's filing was entitled "Appellant's Motion for Leave to File a Memorandum of Law in Lieu of a Brief." On February 12, 2007, we issued an order denying this motion as unnecessary and instructed that Gradilla's motion be treated as a response to his counsel's *Anders* brief.

Gradilla also argues that he had the right to have a jury determine the drug quantities attributable to him under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This argument is frivolous because Gradilla was sentenced well below the statutory maximum penalty of life in prison. *See United States v. Parker*, 245 F.3d 974, 976-77 (7th Cir. 2001).

Gradilla next argues that the district court erred by failing to apply a minor role adjustment.[2] Gradilla implies that the district court overlooked the possibility of a minor role adjustment entirely, but that was not the case. The district court extensively discussed with the defense and prosecution Gradilla's level of involvement in the conspiracy and concluded that "his involvement was extensive enough that he does not warrant a reduction for a [minor] role in the offense." We rarely reverse the denial of a minor role adjustment. *United States v. Rodriguez-Cardenas*, 362 F.3d 958, 959 (7th Cir. 2004). Contrary to Gradilla's assertion, not only did the district court consider Gradilla's role, but its decision to deny a downward adjustment was well reasoned and based on plentiful evidence.

Finally, Gradilla argues that the district court erred in sentencing him on the cocaine offense rather than the marijuana charge. Gradilla argues that when a defendant is charged with two drug crimes, he may be sentenced only for the lesser drug offense under *United States v. Rhynes*, 196 F.3d 207 (4th Cir. 1999), *vacated*, 218 F.3d 310 (4th Cir. 2000), and *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999). Even setting aside that neither case is binding in this circuit, this argument rests on a misinterpretation of *Rhynes* and *Dale*. Those cases stand only for the proposition that when it is *unclear* upon which charge a conviction was based, the sentence may be no more than the statutory maximum for the least-serious offense. *See Rhynes*, 196 F.3d at 238-39; *Dale*, 178 F.3d at 433-34. Gradilla pled guilty to distributing cocaine, and the district court sentenced him accordingly. *Rhynes* and *Dale* do not apply.

We hold that all of Gradilla's proposed challenges to his sentence are frivolous. Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.

---

[2] Gradilla bases this argument on *Strickland v. Washington*, 466 U.S. 668 (1984), apparently in an attempt to raise an ineffective assistance of counsel claim. It appears that he is challenging the adequacy of his appellate counsel's representation, even though his appellate attorney has only filed an *Anders* brief and has not advanced any arguments to this court to support Gradilla's appeal. Because the precise nature of his argument is unclear, we will treat this as a challenge to the district court's underlying decision to deny him a minor role adjustment, because if that decision was not in error, Gradilla has suffered no prejudice as required to prevail under *Strickland*. *See id.* at 687.