**Billie Junior FORTUNE, Petitioner–Appellant,**

v.

**UNITED STATES OF AMERICA, Respondent–Appellee.**

No. 03–1153.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2004.

Rehearing En Banc Denied Nov. 8, 2004.

Suzanna Kostovski, Detroit, MI, for Petitioner–Appellant.

Wayne F. Pratt, Detroit, MI, for Re-spondent–Appellee.

Before KENNEDY, SUTTON, and COOK, Circuit Judges.

### ORDER

Billie Junior Fortune, represented by counsel, appeals a district court judgment denying his motion construed as filed pursuant to Fed.R.Civ.P. 60(b) challenging the denial of his 28 U.S.C. § 2255 motion. The parties are deemed to have waived oral argument because they did not respond to this court's show cause order. This panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, a jury convicted Fortune of conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possessing with intent to distribute in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Fortune was represented by Shirley Saltzman during the trial. Following his conviction, Fortune hired John Royal to represent him. Fortune filed a motion for a new trial, and the district court denied the motion. Thereafter, the district court sentenced Fortune to a total of ninety-seven months of imprisonment. A panel of this court dismissed Fortune's appeal because he failed to turn himself into the Bureau of Prisons to begin his sentence. *United States v. Fortune*, No. 99–1918 (6th Cir. May 11, 2000).

Fortune, represented by a new attorney (Suzanna Kostovski), filed a motion to vacate sentence and a brief in support, arguing that: 1) his trial and appellate counsel rendered ineffective assistance in numerous respects; 2) his convictions and sentence are illegal in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and 3) there was in-

sufficient evidence to support his convictions. Upon review, the district court concluded that Fortune's claims lacked merit, and it denied the § 2255 motion. The order was entered on December 26, 2001. On January 17, 2002, Fortune filed a "motion for reconsideration," challenging the district court's denial of his claim that trial counsel had acted under an actual conflict of interest. Following a two-day evidentiary hearing, the district court denied Fortune's motion as without merit. The district court granted Fortune a certificate of appealability (COA) as to his claim that trial counsel operated under a conflict of interest, but denied him a COA as to his other claims. This court denied Fortune a COA as to any other claims. *Fortune v. United States*, No. 03–1153 (6th Cir. Aug. 25, 2003). On appeal, Fortune reasserts his argument that Saltzman acted under a conflict of interest.

█ Because Fortune filed his motion to reconsider more than ten days after entry of the district court's December 26, 2001, judgment, the motion did not toll the appeal period for that order. *See* Fed. R.Civ.P. 59(b), (e); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). Instead, it is properly construed as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). We review the denial of a motion for relief from judgment for abuse of discretion. *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir.1995). An abuse of discretion has been defined by this court as a "definite and firm conviction that the trial court committed a clear error of judgment." *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578–79 (6th Cir.1998) (quoting *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir.1989)).

A Rule 60(b) motion may be granted only for certain specified reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence which by due diligence could not have been

discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or 6) any other reason justifying relief from the operation of the judgment. *Feathers,* 141 F.3d at 268.

Review of an order denying relief from judgment does not bring up the underlying judgment or order for review. *Browder v. Director, Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Feathers,* 141 F.3d at 268; *Hood,* 59 F.3d at 42. Rule 60(b)(6) is properly invoked only in unusual and extreme situations where principles of equity mandate relief. *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990). If legal error is relied upon, the motion should be premised upon the category of mistake under Rule 60(b)(1), and such motions must be filed within the normal time for taking an appeal. *Hopper v. Euclid Manor Nursing Home,* 867 F.2d 291, 294 (6th Cir.1989). Rule 60(b)(6) cannot provide relief for legal error absent other exceptional or extraordinary circumstances. *Id.*

When this standard is applied, it is clear that the district court did not abuse its discretion in denying Fortune's motion for relief from judgment. Fortune does not assert any of the foregoing specified circumstances, nor does he set forth any exceptional or extraordinary circumstances that would entitle him to relief.

█ Fortune's contention that the district court improperly denied his ineffective assistance of counsel claim is not properly before this court on appeal. Again, this appeal is taken from the district court's denial of Fortune's Rule 60(b) motion and does not bring up the underlying

judgment for review. *Browder,* 434 U.S. at 263 n. 7. Nonetheless, the district court's judgment was proper because Fortune did not establish that Saltzman rendered ineffective assistance. Fortune was required to show specific instances suggesting an actual and significant conflict or impairment of interests; from this, prejudice will be presumed if his counsel actively represented the conflicting interests that somehow adversely affected the attorney's performance. *See Moss v. United States,* 323 F.3d 445, 455 (6th Cir.2003). A review of the evidentiary hearing reflects that Saltzman testified that she was not actively representing Anthony Sieg (an unindicted co-conspirator) during the time that she represented Fortune, and that she had only represented Sieg once in the past. She also testified that she provided Fortune with a copy of the government's plea offer, that she explained the offer "in detail," and that she advised Fortune to accept the offer and to consider cooperating with the government against Sieg. Saltzman denied telling Fortune that she would not be able to represent him if he testified against Sieg. She stated that Fortune refused to accept the offer, that he refused to cooperate with the government, and that he consistently maintained his innocence. Attorney Royal also testified during the hearing, and he stated that he investigated whether Saltzman had proceeded under an actual conflict of interest, and that he determined that there was no conflict because Saltzman did not have an active attorney-client relationship with Sieg and because there was a full disclosure concerning the fee-payment arrangements. He also testified that Fortune maintained his innocence. Although Fortune and his longtime friend (Georgia King) testified during the hearing, the district court concluded that Saltzman and Royal's testimony was more credible.

This evidence reflects that the district court properly concluded that there was no

prejudicial conflict of interest. Saltzman did not have an active attorney-client relationship with Sieg, and she properly advised Fortune of the benefits of accepting the government's plea offer. Moreover, although Saltzman acknowledged that Sieg did pay for a portion of Fortune's legal fees, this does not necessarily render Saltzman's performance deficient. *See Abdur'Rahman v. Bell,* 226 F.3d 696, 713 (6th Cir.2000). Finally, Fortune is not entitled to relief on his challenge to the district court's conclusion that Saltzman's and Royal's testimony was more credible than his or King's testimony. *See, e.g., United States v. Miller,* 161 F.3d 977, 985 (6th Cir.1998) (holding that this court does not reweigh witness credibility).

Accordingly, we affirm the district court's judgment.