**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tilman Rufus PARTIN, Defendant–
Appellant.**

No. 03–6423.

United States Court of Appeals,
Sixth Circuit.

Sept. 14, 2004.

U.S. Attorney's Office, Lexington, KY, for Plaintiff–Appellee.

Martin L. Hatfield, Asst. U.S. Attorney, U.S. Attorney's Office, London, KY, for Defendant–Appellant.

Tilman Rufus Partin, Atlanta, GA, pro se.

Before KRUPANSKY and CLAY, Circuit Judges; and HAYNES, District Judge.*

*ORDER*

Tilman Rufus Partin, proceeding pro se, appeals a district court order denying his Fed.R.Civ.P. 60(b) motion to reconsider its order denying a motion challenging the trial court's jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, a jury convicted Partin of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, one count of

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of forfeiture under 21 U.S.C. § 853. The court sentenced him to life imprisonment. A panel of this court affirmed his convictions on direct appeal. *United States v. Partin,* No. 97–6303, 1999 WL 98672 (6th Cir. Feb. 9, 1999).

In March 2000, Partin filed a motion for an extension of time to file a 28 U.S.C. § 2255 motion to vacate his sentence. The district court adopted a magistrate judge's recommendation and denied the motion. Although the district court granted Partin a certificate of appealability (COA) as to whether his § 2255 motion would be timely, Partin voluntarily dismissed his appeal. On June 21, 2000, Partin filed a § 2255 motion. Upon review, the district court adopted a magistrate judge's recommendation and denied the motion as untimely. The district court granted Partin a COA as to whether his § 2255 motion was untimely. This court overruled the district court's partial grant of a COA and denied a COA as to all issues, thus disposing of the appeal. *Partin v. United States,* No. 02–5855 (6th Cir. Dec. 11, 2002).

In February 2003, Partin filed a petition for a writ of coram nobis. The district court denied the motion as without merit. On May 28, 2003, Partin filed a motion challenging the trial court's jurisdiction, essentially arguing that his indictment had not been found by the grand jury and that the district court constructively amended the indictment. On June 10, 2003, the district court denied the motion. On or about July 24, 2003, Partin mailed his Rule 60(b) motion for reconsideration to prison authorities. Upon review, the district court denied the motion, concluding Partin's prior motion was untimely under the applicable one-year statute of limitations, that Partin had not obtained permission to file a successive § 2255 motion, and that

Partin's claims lacked merit. Hence, it denied the motion for reconsideration. On appeal, Partin continues to challenge the validity of his indictment and the district court's jurisdiction. He has also filed a motion to proceed in forma pauperis on appeal.

■ Upon review, we conclude that, because Partin filed his motion to reconsider more than ten days after entry of the district court's June 10, 2003, order, the motion did not toll the appeal period for that order. *See* Fed.R.Civ.P. 59(e); *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir.1998). Instead, it is properly construed as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). We review the denial of a motion for relief from judgment for an abuse of discretion. *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995). An abuse of discretion has been defined by this court as a "definite and firm conviction that the trial court committed a clear error of judgment." *Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578–79 (6th Cir.1998) (quoting *Logan v. Dayton Hudson Corp.,* 865 F.2d 789, 790 (6th Cir.1989)).

A Rule 60(b) motion may be granted only for certain specified reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or 6) any other reason justifying relief from the operation of the judgment. *Feathers,* 141 F.3d at 268.

Review of an order denying relief from judgment does not bring up the underlying

judgment or order for review. *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Feathers,* 141 F.3d at 268; *Hood,* 59 F.3d at 42. Rule 60(b)(6) is properly invoked only in unusual and extreme situations where principles of equity mandate relief. *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990). If legal error is relied upon, the motion should be premised upon the category of mistake under Rule 60(b)(1), and such motions must be filed within the normal time for taking an appeal. *Hopper v. Euclid Manor Nursing Home,* 867 F.2d 291, 294 (6th Cir.1989). Rule 60(b)(6) cannot provide relief for legal error absent other exceptional or extraordinary circumstances. *Id.*

When this standard is applied, it is clear that the district court did not abuse its discretion in denying Partin's motion. Partin does not assert any of the foregoing specified circumstances, nor does he set forth any exceptional or extraordinary circumstances which would entitle him to relief.

Partin's continued challenge to the trial court's jurisdiction is not properly before this court on appeal. Again, this appeal is taken from the district court's denial of Partin's Rule 60(b) motion and does not bring up the underlying judgment for review. *Browder,* 434 U.S. at 263 n. 7.

Accordingly, we grant the motion to proceed in forma pauperis for the limited purpose of this review and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.