NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0661n.06
Filed: September 5, 2007

No. 06-5276

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| BRYANT A. COOK, | ) |
| | ) ON APPEAL FROM THE |
| Petitioner-Appellant, | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE EASTERN |
| v. | ) DISTRICT OF TENNESSEE |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent-Appellee. | ) |
| | ) |

BEFORE:    KEITH, MOORE, and COLE, Circuit Judges.

**DAMON J. KEITH, Circuit Judge**.  Petitioner-Appellant Bryant A. Cook ("Cook") was convicted after a jury trial for conspiracy to possess with the intent to distribute crack cocaine. Another panel of this Court affirmed his conviction on direct appeal.  Cook subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  The district court denied his motion. Cook then filed a motion to reconsider, which was also denied by the district court.  Thereafter, Cook filed a motion to alter and amend the district court's denial of his motion to reconsider.  The district court again denied Cook's motion.  Cook now appeals the district court's denial of his motion to alter and amend.  For the reasons that follow, we **AFFIRM**.

**I.**

This case presents a procedural puzzle.  On March 4, 1997, Cook was tried and convicted of conspiracy to possess with the intent to distribute crack cocaine.  Cook appealed, and on May 25,

1999, this Court affirmed his conviction. On October 11, 2000, Cook, pursuant to 28 U.S.C. § 2255,

filed a *pro se* motion to vacate his sentence in the Eastern District of Tennessee. On August 5, 2005,

the district court issued an order dismissing Cook's § 2255 motion in full.[1] On August 8, 2005, the

order was entered.

After the denial of his § 2255 motion, Cook filed a series of motions and appeals. On August

25, 2005, Cook filed a motion to reconsider. On November 4, 2005, while his motion to reconsider

was pending before the district court, Cook filed a motion to extend the time to file a notice of appeal

from the district court's order dismissing his § 2255 petition. On the same day, Cook also filed a

notice of appeal to this Court, challenging the district court's order dismissing his § 2255 petition.

On November 16, 2005, Cook filed an identical notice of appeal—again challenging the district

court's dismissal of his § 2255 motion. This Court docketed his identical notices of appeal (the §

2255 appeal) as Case No. 05-6773.

On February 6, 2006, the district court issued an order denying Cook's later motions—his

motion to reconsider and his motion to extend the time to file a notice of appeal. First, the district

court concluded that because Cook did not file his motion to reconsider within ten days of the entry

of judgment, it would not construe Cook's motion to reconsider under Rule 59(e), but instead under

---

[1]Initially, the district court denied Cook's petition on all grounds, with the exception of his claim that, in light of *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999), the district court "committed plain error when it sentenced him to life imprisonment under 21 U.S.C. § 841(b)(1)(A) for cocaine base ("crack") based upon a general jury verdict" and not a special instruction requiring the jury to find unanimously whether Cook conspired to distribute marijuana and/or crack cocaine. (J.A. at 68-69.) The Government filed a motion to reconsider. After some consideration, the district court granted the Government's motion to reconsider, vacated its earlier decision, and dismissed Cook's § 2255 petition on all grounds.

Rule 60(b).[2]  Fed. R. Civ. P. 60(b).  Second, treating Cook's request as a Rule 60(b) motion to reconsider, the district court found that "Cook has not met his burden of showing that he is entitled to any relief . . . [, and that it was] not persuaded that there is any good reason . . . to change or modify its decision." (J.A. at 128.)  The district court also found that Cook's motion to extend the time to file an appeal was untimely because it was not filed within the prescribed time.  Lastly, the district court declined to render an opinion as to whether Cook's November 4, 2005 notice of appeal to this Court (the § 2255 appeal docketed under Case No. 05-6773) was timely.

On February 9, 2006, pursuant to Rule 59(e), Cook filed a motion to alter and amend the district court's February 6, 2006 order denying his motion to reconsider.  In this motion, Cook only argues that the district court erred by failing to construe his August 25, 2005 motion to reconsider under Rule 59(e); he does not contest the district court's denial of his motion to extend the time to file an appeal.  Specifically, Cook asserted that his counsel failed to file the motion to reconsider by August 19, 2005 because the login and password provided by the district court's clerk's office was not current due to an upgrade in the Electronic Case Filing System ("ECF").  Therefore, according to Cook, the district court should have construed his motion to reconsider (filed on August 25, 2005) as a motion to alter or amend filed no later than August 19, 2005. On February 18, 2006, the district court denied this motion.  Noting Rule 6(b), the district court concluded that Cook could not avoid

---

[2]In the district court's order denying Cook's motion to reconsider, the district court stated that the judgment was entered on August 5, 2005.  This is incorrect.  The district court issued its opinion on August 5, 2005, and the entry of judgment occurred on August 8, 2005.  This error, nonetheless, did not affect the district court's determination that Cook's motion to reconsider could not be construed as a request for relief under Rule 59(e) because Cook's motion to reconsider was filed on August 25, 2005, more than ten days after the judgment was entered.  *See infra* Part II. B.

or circumvent the mandatory ten-day time limit proscribed in Rule 59(e). Fed. R. Civ. P. 6(b). On February 22, 2006, Cook filed a timely notice of appeal, challenging the district court's February 18, 2006 denial of his motion to alter and amend. We docketed the appeal as Case No. 06-5276.

Approximately four months later, on June 12, 2006, we dismissed Cook's first appeal (the § 2255 appeal docketed under Case No. 05-6773) as untimely under Rule 4 of the Federal Rules of Appellate Procedure.[3] In our order, however, we noted that Cook's second appeal (the February 22, 2006 appeal docketed under Case No. 06-5276), was still pending before us. Thus, Cook's appeal from the district court's denial of his motion to alter and amend is the matter presently before us.[4]

---

[3]Rule 4(a) provides, "[w]hen the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. (4)(a)(1)(B). Here, the order denying Cook's § 2255 petition was entered on August 8, 2005. Cook did not file his notice of appeal until November 4, 2005, well beyond the 60 days.

[4]It should be noted that, in a footnote in his brief, Cook purports to argue that the district court erroneously denied his motion to extend the time to file a notice of appeal. The district court denied this motion in its February 6, 2006 order. In his notice of appeal for the instant matter, Cook does not appeal the February 6th order but only the February 18, 2006 order which pertains solely to the district court's consideration of his motion under Rule 60(b) instead of Rule 59(e). Because Cook failed to appeal the February 6th order, we lack jurisdiction to consider this claim. *See Dillon v. United States*, 184 F.3d 556, 557-58 (6th Cir. 1999) (en banc) (noting that the requirement under Federal Rule of Appellate Procedure 3(c) that a notice of appeal designate the judgment, order, or part thereof being appealed is jurisdictional and applicable to § 2255 petitions.); *see also Caudill v. Hollan*, 431 F.3d 900, 906 (6th Cir. 2005) (applying Rule 3(c) and holding that "we will entertain arguments on all objections and asserted errors prior to the final disposition of a case if a party indicates in its notice of appeal that it appeals either the final judgment or the final order in the case. We will not, however, absent specific mention in the notice of appeal, entertain issues raised in post-judgment motions if the notice of appeal states only that the appeal is from the final order or the final judgment."); *United States v. Universal Mgmt. Servs., Corp.*, 191 F.3d 750, 757 (6th Cir. 1999) ("Because the notice of appeal references only the district court's summary judgment rulings, we do not have jurisdiction to consider issues raised in the Motion for Reconsideration.").

## II.

### A. Standard of Review

We review the denial of a Rule 59(e) motion for abuse of discretion. *Intera Corp. v. Henderson*, 428 F.3d 605, 619 (6th Cir. 2005) (citing *Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 518 (6th Cir. 1998)). "An abuse of discretion has been defined by this court as a 'definite and firm conviction that the trial court committed a clear error of judgment.'" *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578-79 (6th Cir. 1998) (quoting *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989)).

### B. Motion to Alter and Amend

Cook contends that the district court erred by considering his August 25, 2005 motion as a motion to reconsider under Rule 60(b) instead of under Rule 59(e). Specifically, Cook argues that the district court should have treated his motion to reconsider as timely filed (for purposes of Rule 59(e)) on August 19, 2005 instead of the date it was actually filed—August 25, 2005. Cook reasons that his motion would have been timely but for circumstances out of his control—namely, that a district court clerk sent his counsel the wrong login and password for the ECF and that this prevented his counsel from filing the motion on time.[5] We reject this argument.

---

[5] In essence, Cook is appealing the district court's denial of his Rule 60(b) motion to reconsider because he believes Rule 59(e) was the correct rule to apply. He does not challenge the merits of the district court's denial of his Rule 60(b) motion. Therefore, we do not address the merits, nor do we consider Cook's arguments concerning the underlying judgment dismissing his § 2255 petition. *See GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) ("'[A]n appeal from [the] denial of Rule 60(b) relief does not bring up the underlying judgment for review.'" (quoting *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978)) (alteration in original)).

First, we note that in the recent case of *Bowles v. Russell*, the Supreme Court concluded that deadlines that are statutorily imposed in civil cases are mandatory and jurisdictional. --- U.S. ----, 127 S.Ct. 2360, 2364-66 (2007); *see also* 28 U.S.C. § 2107(c). In reaching this conclusion, the Court clarified the distinction between jurisdictional rules (where the timelines are dictated by statute) and claim-processing rules (where the timelines are dictated by procedural rules and time prescriptions adopted by the court). *Bowles*, 127 S.Ct. at 2364-66. The Court concluded that jurisdictional rules are mandatory; therefore, their time limits cannot be waived. On the other hand, claim-processing rules are not jurisdictional—thus, their time limits *can* be waived. *Id*. The Court explained that, "[b]ecause [o]nly Congress may determine a lower federal court's subject-matter jurisdiction . . . it was improper for courts to use the term 'jurisdictional' to describe emphatic time prescriptions in rules of court." *Id*. at 2364. (internal quotation marks and citations omitted, and second alteration in original). As such, "when an appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction." *Id*. at 2366 (quotation marks omitted).

In light of *Bowles*, we recently concluded that Federal Rules of Civil Procedure 59(e) and 6(b) are claim-processing rules because their time limits are not statutorily imposed. *See National Ecological Found., et al. v. Alexander, et al.*, --- F.3d ----, 2007 WL 2213278, at *6 (6th Cir. Aug. 3, 2007). Therefore, such rules may be waived absent a timely objection. *Id*. However, "[a]lthough not jurisdictional, a claim-processing rule is nonetheless mandatory and 'district courts must observe the clear limits of [time prescriptions] when they are properly invoked.'" *Wilburn v. Robinson*, 480 F.3d 1140, 1146 (D.C. Cir. 2007) (quoting *Eberhart v. United States*, 546 U.S. 12, 126 S.Ct. 403,

406 (2005)) (second alternation in original).

Pertinent to the matter before us, "[a]ll Rule 59(e) motions must 'be filed no later than 10 days after entry of the judgment.'" *Johnson v. Dellatifa*, 357 F.3d 539, 542 (6th Cir. 2004) (quoting Fed. R. Civ. P. 59(e)).[6] The district court may not enlarge or extend the ten-day time limit for any party seeking relief under Rule 59(e). *See* Fed. R. Civ. P. 6(b). Hence, "[w]here a party's Rule 59 motion is not filed within the mandatory 10-day period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment." *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 268 (6th Cir. 1998). Furthermore, because Rules 59(e) and 6(b) are claim-processing rules, their time prescriptions may be waived if not properly invoked. *See Alexander*, --- F.3d ----, 2007 WL 2213278, at \*6; *Robinson*, 480 F.3d at 1146.

Here, the district court's order denying Cook's § 2255 petition was filed on August 5, 2005 and entered on August 8, 2005. Thus, any relief sought by Cook under Rule 59(e) should have been filed within ten days of the entry of judgment—August 22, 2005. *See* Fed. R. Civ. P. 6(b) and 59(e); *Johnson*, 357 F.3d at 542. Cook's motion to reconsider was filed on August 25, 2005. The district court recognized that Cook's motion to reconsider was filed outside the ten-day limitations period and properly invoked the time prescriptions, thereby construing his motion under Rule 60(b) instead of Rule 59(e). *See Feathers,* 141 F.3d at 268; *United States v. Partin*, 109 F. App'x 767, 768 (6th Cir. 2004); *Fortune v. United States*, 106 F. App'x 386, 387 (6th Cir. 2004).

To the extent that Cook argues that the reason he failed to file within the ten-day period was

---

[6]A timely filed Rule 59(e) tolls the running of time limitations for filing a notice of appeal until the district court rules or otherwise disposes of the motion. *See* Fed. R. App. P. 4(a)(4).

because his counsel was given an incorrect login and password to the ECF, this argument is unavailing. Even if Cook's counsel attempted to electronically file the motion on Friday, August 19, 2005, and this attempt failed, Cook's counsel had until Monday, August 22, 2005 to file the motion. Cook offers no evidence as to why his counsel did not attempt to re-file the motion electronically, or to file through other methods, nor does he show even that his counsel attempted to contact the clerk's office about the problem by the end of the day on Monday. Indeed, the letter offered by Cook's counsel explaining his late filing indicates that his eventual communication with the clerk's office about the purported faulty password was not until August 23, 2005, after the deadline had already expired.

The district court acknowledged the mandatory claim-processing rule and properly invoked the ten-day procedural rule. Accordingly, the district court did not err by refusing to treat Cook's motion to reconsider (filed after the ten-day time period) under Rule 59(e), and therefore, did not abuse its discretion in denying Cook's subsequent Rule 59(e) motion to alter and amend.

**III.**

For the stated reasons, we **AFFIRM** the district court's February 18, 2006 order denying Cook's motion to alter and amend.