RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0126p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

ROBERT L. SHULER, and PAULINE SHULER
LEWIS, natural children and heirs at law of
decedent Pauline Sloan Shuler; THE ESTATE
OF PAULINE SLOAN SHULER,
            *Plaintiffs-Appellants/Cross-Appellees*,

            *v.*

H. EDWARD GARRETT, JR., M.D.; EVA G.
PROCTOR, M.D.; CARDIOVASCULAR SURGERY
CLINIC, PLLC; STERN OWNERSHIP GROUP
LLC, dba The Stern Cardiovascular Center;
BAPTIST MEMORIAL HEALTH CARE
CORPORATION, dba Baptist Memorial
Hospital-Memphis; FRANK A. MCGREW,
M.D.,
            *Defendants-Appellees/Cross-Appellants*.

Nos. 12-6270/13-5050

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:12-cv-02003—S. Thomas Anderson, District Judge.

Decided and Filed: May 6, 2013

Before: GUY, DAUGHTREY, and WHITE, Circuit Judges.

_____

## OPINION

_____

MARTHA CRAIG DAUGHTREY, Circuit Judge. The plaintiffs currently have pending an appeal from two of the district court's orders in this case. The first challenge is to the district court's order dismissing their complaint under Federal Rule of Civil Procedure 12(b) for failure to state a claim. The second contests the court's denial of their motion under Federal Rule of Civil Procedure 59(e) to alter or amend the order of

dismissal. The defendants now move to dismiss the plaintiffs' appeal as untimely, based on a technical error in the electronic filing of the Rule 59 motion, which, the district court held, made the Rule 59 motion untimely.  If that ruling were correct, as the defendants now assert, the filing of a Rule 59 motion would have failed to toll the running of the 30-day period under Federal Rule of Appellate Procedure 4(a)(1), which controls the time for filing a notice of appeal from the district court's judgment. *See also* Fed. R. App. P. 4(a)(4)(A)(iv) (permitting tolling by the timely filing of a Rule 59 motion to alter or amend the judgment).  The failure to toll would render the subsequent notice of appeal untimely and subject to dismissal.  For the reasons set out below, we conclude that the Rule 59 motion was timely filed,  and we therefore deny the defendants' motion to dismiss.

As noted above, a notice of appeal "must be filed with the district clerk within 30 days after the entry of the judgment or order appealed from."  Fed R. App. P. 4(a)(1)(A).  However, if a party files a timely Rule 59 motion, the time to file a notice of appeal runs instead from the entry of the order dismissing that motion.  Fed. R. App. P. 4(a)(4)(A)(iv).  In this case, the plaintiffs filed their notice of appeal on October 16, 2012, which was more than 30 days after the district court's order of dismissal entered on August 8, 2012.  However, it was filed less than 30 days after the district court's order denying plaintiffs' Rule 59 motion, entered on October 12, 2012.  Hence, if the Rule 59 motion was timely filed in the district court, the notice of appeal was timely, as the plaintiffs now contend.

The defendants argue, to the contrary, that the appeal is untimely because the plaintiffs' Rule 59 motion was untimely filed.  That rule gives parties 28 days to file a motion to alter or amend a judgment.  Fed. R. Civ. P. 59(e).  In this case, plaintiffs' counsel electronically filed the motion to amend on the last day of the 28-day period, September 5, 2012.  However, she entered the wrong docket information  into the electronic filing system (ECF).  As a result, the motion was listed as filed on the docket sheet of another case.  The lawyer realized her error the next day, September 6, and filed

a notice of ECF correction with another copy of the motion attached, but she did not actually re-file the motion until six days later, on September 12, 2012.

According to the defendants, the fact that the motion was filed under the wrong docket number means, in effect, that it was not filed at all. In response, the plaintiffs insist that, because they received confirmation through ECF that the motion was received by the clerk of the court within the 28-day period specified by the Federal Rules, the motion was filed in a timely manner and their appeal is also timely.

We thus have before us a question of first impression in this circuit: what is the effect of listing the wrong docket number on an electronically filed motion? Our research indicates that other circuit courts addressing this question in similar factual circumstances have concluded that electronically-filed motions received by the clerk of the court within the specified time period should be considered timely, even when they contain the wrong docket number.

In *Farzana K. v. Indiana Department of Education*, 473 F.3d 703 (7th Cir. 2007), for example, the Seventh Circuit held that a complaint electronically filed under the wrong docket number was timely filed, even though the computer in that case rejected the filing because of the incorrect docket number. The court reasoned that the motion became timely when the attorney "tendered [it] to the clerk's office on the 30th day," noting that, in a traditional paper-filing system, the fact of the incorrect docket number would not have affected the timely filing of the complaint. *Id.* at 707. "Had a paper copy of the complaint been handed over the counter on July 6, a deputy clerk would have crossed out the old docket number, stamped a new one, and filed the document." *Id.* Hence, the court concluded, "there is no reason to throw this suit out of court just because the e-filing system did not know how to take an equivalent step." *Id.*

The District of Columbia Circuit has similarly held that an otherwise timely-filed electronic notice of appeal should be considered timely, even though a "glitch" in the ECF system on the day of filing prevented actual entry into the electronic docket. *See Royall v. Nat'l Ass'n of Letter Carriers*, 548 F.3d 137, 141 (D.C. Cir. 2008). What ECF did show was an invoice indicating that counsel had submitted the appropriate filing fee,

presumably at the same time the notice of appeal was filed.  Relying on the mandate in Federal Rule of Civil Procedure 5(d)(4) that court clerks must accept filings despite formal defects, the court concluded that the electronic system's failure to reflect entry of the filing was an error in form only and, therefore, did not render untimely the ECF re-entry at a later date.  *Id.* at 143.

These two decisions are in accord with other decisions holding that similar kinds of errors in form do not necessarily render filings untimely.  *See, e.g.*, *United States v. Harvey*, 516 F.3d 553, 555-56 (7th Cir. 2008) (concluding that a criminal defendant timely filed his notice of appeal when he submitted it electronically to the clerk's office, even though he failed to file a paper copy of the notice of appeal, as the local rules required); *Contino v. United States*, 535 F.3d 124, 126-27 (2d Cir. 2008) (holding that counsel's failure to transmit an electronic notice of appeal  with the proper event code did not render it untimely).

The district court in this case suggested that these precedents were not persuasive because the errors in those cases were not caused by the attorneys but by technical "bugs" in the system. That reading of these opinions is, however, incorrect.  In many of these cases, the ultimate source of the problem was the attorneys, as was true in this case.  *See Farzana*, 473 F.3d at 704 ("[M]aking a second mistake, counsel used the docket number of [an earlier] suit."); *Harvey*, 516 F.3d at 556; *Contino*, 535 F.3d at 126. The precedents — particularly *Farzana* — appear to be directly on point.  And, significantly, there appears to be no contrary authority.[1]

In this circuit, we have honored the admonition in Rule 5(d)(4) of the Federal Rules of Civil Procedure since its amendment in 1991 to provide, in pertinent part, that "[t]he clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local

---

[1] Defendants cite an unpublished opinion from this circuit that did conclude that a Rule 59 motion that plaintiffs failed to file within the 28-day time period – because plaintiff's counsel received an incorrect password for ECF – was untimely.  *Cook v. United States*, 246 Fed. Appx. 990, 995 (6th Cir. 2007).  In that case, however, the motion was not received by the clerk of court within the specified limitations period in any form whatever.  *Id.*  As an unpublished opinion, *Cook* is not controlling.  It is also not contrary to the decisions discussed above and fully distinguishable from the instant case.

rules or practices." Fed. R. Civ. P. 5(d)(4); *see also In re Toler*, 999 F.2d 140, 141-42 (6th Cir. 1993). Under that rule, plaintiffs' Rule 59 motion should be considered timely filed. Furthermore, there is no evidence that defendants suffered any prejudice as a result of the delay in filing because, on the same day that plaintiffs' counsel filed the motion electronically (albeit under the wrong docket number), counsel also served paper copies of the motion on the defendants, as local rules required.

Given the weight of authority from our sister circuits and the circumstances of this case, we conclude that the district court erred in construing the Rule 59 motion as untimely filed. It follows that the motion effectively tolled the 30-day period for filing the notice of appeal, which was, in turn, timely filed. The defendants' motion to dismiss the appeal is therefore DENIED, and the clerk is directed to issue a new briefing schedule.