**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-9005
_____

PAUL GAMBOA TAYLOR,
Appellant

v.

COMMISSIONER OF PENNSYLVANIA DEPARTMENT
OF CORRECTIONS; SUPERINTENDENT OF SCI
PITTSBURGH;
SUPERINTENDENT OF SCI ROCKVIEW
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:04-cv-00553)
U.S. District Judge: Honorable Matthew W. Brann
_____

Argued
June 25, 2025
_____

Before: SHWARTZ, KRAUSE, and AMBRO, <u>Circuit Judges</u>.

_____

Samuel R. Welch [ARGUED]
Matthew C. Lawry
Federal Community Defender Office for the Eastern District
of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106

    Counsel for Appellant

William R. Stoycos [ARGUED]
Office of Attorney General of Pennsylvania
Appeals & Legal Services
Strawberry Square, 16th floor
Harrisburg, PA 17120

    Counsel for Appellees

_____

OPINION

_____

SHWARTZ, Circuit Judge.

Paul Gamboa Taylor, a Pennsylvania prisoner sentenced to death, appeals the District Court's order denying his Federal Rule of Civil Procedure 60(b)(6) motion for relief

from the order denying his petition for a writ of habeas corpus. Although Rule 60(b) provides an avenue to challenge a district court's decision not to hold a hearing, and Taylor's motion was timely, he fails to demonstrate he was entitled to reopen his habeas proceedings to present evidence not in the state court record and thus is not entitled to Rule 60(b) relief.

I

The relevant facts regarding Taylor's guilty plea, death sentence, and postconviction proceedings are described at length in our opinion affirming the District Court's order denying him habeas corpus relief. Taylor v. Horn, 504 F.3d 416, 420-25 (3d Cir. 2007).

In Taylor, we considered and rejected Taylor's due process claims based on his argument that he was incompetent during his guilty plea and sentencing proceedings. Id. at 435-38. In so doing, we affirmed the District Court's decision not to consider expert evidence Taylor gathered in 1999 (the "1999 evidence")[1] to support his assertion that he had not been competent to plead guilty or waive his rights. Id. at 435-37. As we explained, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), specifically 28 U.S.C. § 2254(e)(2), prevented the District Court from considering the 1999 evidence as it was not part of the state court record.[2] Id. at 435-

---

[1] In our prior decision, we referred to the 1999 evidence as "newly-acquired" or "after-acquired evidence" of incompetence. Taylor, 504 F.3d at 425, 430, 439 n.19.

[2] Taylor presented the 1999 evidence for the first time as part of his second state postconviction petition, which was dismissed as untimely. Id. at 435.

3

36, 444. We observed that (1) "[t]he only thing that prevented Taylor from presenting [the 1999 evidence] before the first [state postconviction] court was a lack of diligence," and (2) Taylor's postconviction counsel's alleged ineffectiveness for failing to present the 1999 evidence during the first postconviction proceedings was not a ground for creating "an exception to § 2254(e)(2)'s requirements" to admit new evidence in federal court.[3] Id. at 437 & n.17.

We similarly declined to consider the 1999 evidence when reviewing (and ultimately rejecting on the merits) Taylor's claim that his trial counsel was ineffective for "failing to investigate, prepare, and present evidence of Taylor's incompetence" at the time of his plea and sentencing, id. at 425, 438-39, because Taylor "already had an evidentiary hearing on [that] issue before the first [state postconviction] court, where he failed to produce" the 1999 evidence, id. at 439 n.19.[4]

---

[3] We did consider the 1999 evidence to determine whether it would potentially advance his claim that his guilty plea and other waivers were not knowing and voluntary. Id. at 444-46. We concluded that the 1999 evidence "shed[] no new light on whether his plea and other waivers were knowing and voluntary," so the District Court's denial of an evidentiary hearing on the knowing and voluntary character of Taylor's plea or waivers was not an abuse of discretion. Id. at 446.

[4] At oral argument, Taylor challenged our observation that he "already had an evidentiary hearing" relating to his claim that his trial counsel was ineffective for failing to investigate Taylor's incompetence. Id. at 438-39 & n.19. Assuming that argument was preserved, he may not use Rule 60(b) to challenge our prior holding, because we are not a district court. See Fed. R. Civ. P. 60(b) (providing grounds for

4

Several years later, Taylor filed a Rule 60(b)(6) motion in the District Court, asserting that the Supreme Court's ruling in Martinez v. Ryan, 566 U.S. 1 (2012), provides him a basis to reopen his federal habeas proceedings. He argued that the rationale of Martinez applies to his case. Martinez allows a petitioner in federal court to present a procedurally defaulted trial-counsel-ineffectiveness claim that has some merit upon a showing that postconviction counsel was ineffective for failing to raise such a claim. 566 U.S. at 14. Put simply, Martinez focuses on a postconviction counsel's failure to raise a claim of trial counsel's ineffectiveness as a basis to excuse a procedural default. Taylor seeks to extend Martinez to allow him to argue that postconviction counsel's failure to introduce certain evidence excuses him from satisfying the § 2254(e)(2) requirements for presenting the 1999 evidence in support of his trial counsel's ineffectiveness claim because the failure to present that evidence at the first state postconviction proceedings was due to his postconviction counsel's ineffectiveness.

The District Court denied Taylor's motion. It assumed his argument could be pursued under Rule 60(b) but held that: (1) his Rule 60(b) motion was untimely because it was filed one year and one day after Martinez was issued; (2) no extraordinary circumstances, including Martinez, justified reopening the original habeas judgment to conduct a hearing on the 1999 evidence; and (3) Martinez did not provide a basis

relief from a district court's final judgment, order, or proceeding); see also Seese v. Volkswagenwerk, A.G., 679 F.2d 336, 337 (3d Cir. 1982) ("[A] district court is without jurisdiction to alter the mandate of this court on the basis of matters included or includable in [a] prior appeal.").

for relief because Taylor's claim of trial counsel ineffectiveness was decided on the merits in earlier proceedings and thus was not procedurally defaulted. Taylor v. Wetzel, No. 4:04-cv-00553, 2014 WL 5242076, *6-15 (M.D. Pa. Oct. 15, 2014). The District Court declined to issue a certificate of appealability ("COA"). Id. at *15.

Taylor appealed, and we granted a COA.[5] The appeal was stayed to allow Taylor to present arguments based on new

---

[5] We granted a COA on the following issues:

(1) whether a Rule 60 motion is the proper way to challenge this Court's "failure to develop" basis for affirming the District Court's discretionary decision not to hold an evidentiary hearing on the competency-related claims; (2) whether [Taylor] brought his Rule 60 motion within a "reasonable time"; (3) whether Martinez . . . applies given that [the District Court] did not hold that Taylor's trial counsel ineffectiveness claim was barred from federal habeas review; and (4) whether trial counsel was ineffective in failing to seek a competency hearing. In briefing the fourth issue, counsel should address whether Martinez allows a petitioner to develop in a federal habeas court the factual basis for his or her underlying ineffective assistance of trial counsel claim if ineffective assistance of collateral review counsel resulted in petitioner's failure to develop the facts in state court. See 28 U.S.C. § 2254(e)(2).

Supreme Court cases and to pursue relief in state court, which the state courts subsequently denied. Among the cases he argued affected his case is Shinn v. Ramirez, 596 U.S. 366 (2022). After Shinn was issued, the parties submitted supplemental briefs articulating their views regarding the effect of it and other cases on the issues presented in this appeal.

## II[6]

We consider in turn three issues: (1) whether Taylor properly used Rule 60(b) as a vehicle to seek relief; (2) whether the District Court abused its discretion in finding his Rule 60(b)(6) motion untimely; and (3) whether the District Court erred in declining to reopen his federal habeas case under Rule 60(b)(6).

## A

"Rule 60(b)(6) is a catchall provision [that] allows a court to relieve a party from the effects of an order for 'any other reason justifying relief from the operation of the judgment'" apart from those in Rule 60(b)(1)-(5). Coltec

---

App. 41-42.

[6] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review a district court's order denying a Rule 60(b) motion for abuse of discretion. Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014). "A district court abuses its discretion when it bases its decision upon a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact." Id.

Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (quoting Fed. R. Civ. P. 60(b)(6)). A Rule 60(b) motion may be used in federal habeas corpus proceedings unless it is "inconsistent with applicable federal statutory provisions and rules," namely those detailed in AEDPA. Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (internal quotation marks omitted).

AEDPA imposes several requirements on a prisoner seeking to file a second or successive federal habeas corpus application. Id. First, it provides that "any claim that has already been adjudicated in a previous petition [before the District Court] must be dismissed." Id. at 529-30 (citing 28 U.S.C. § 2244(b)(1)). Second, it provides that "any claim that has not already been adjudicated [by the District Court] must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Id. at 530 (emphasis removed) (citing § 2244(b)(2)). In the latter situation, a petitioner must obtain permission from the court of appeals to file a second or successive petition. § 2244(b)(3)(A). In light of these AEDPA provisions, a prisoner previously denied federal habeas relief may not use a Rule 60(b) motion to assert a federal constitutional challenge to his state conviction or sentence because such a motion is in substance a second or "successive habeas petition merely masquerading as a Rule 60(b) motion." Bracey v. Superintendent Rockview SCI, 986 F.3d 274, 282 (3d Cir. 2021).

Certain challenges, however, may be brought under Rule 60(b) without running afoul of AEDPA. A movant, for example, may invoke Rule 60(b) relief to remedy "some defect in the integrity of the federal habeas proceedings" or to attack "the District Court's failure to reach the merits" on procedural

grounds. <u>Gonzalez</u>, 545 U.S. at 532 & n.4, 538 (holding "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction"); <u>see also</u> <u>Pridgen v. Shannon</u>, 380 F.3d 721, 727-28 (3d Cir. 2004) (holding trial court "properly exercised jurisdiction" over a Rule 60(b) motion, without the movant having first obtained approval under § 2244(b), where movant's argument was "an attack on the habeas proceeding, rather than on [his] underlying state conviction"). A Rule 60(b)(6) motion that attacks the federal habeas court's proceeding for failing to hold an evidentiary hearing is akin to a claim of procedural error and is thus not barred by § 2244(b).

Applying these principles, to the extent Taylor's Rule 60(b) motion seeks to relitigate the merits of his trial counsel ineffectiveness claim, that portion of his motion is a second or successive petition over which the District Court lacked jurisdiction. <u>See</u> <u>Gonzalez</u>, 545 U.S. at 530-31. Accordingly, the District Court should have dismissed that portion of his motion. <u>See</u> <u>id.</u>; <u>see also</u> § 2244(b)(1). However, to the extent that his motion challenges the District Court's decision not to hold a hearing on the 1999 evidence, that portion of the motion challenges the integrity of the federal court's habeas proceeding itself and thus may be raised under Rule 60(b)(6). <u>See</u> <u>Gonzalez</u>, 545 U.S. at 532. The District Court therefore did not err in considering this latter portion of Taylor's Rule 60(b)(6) motion.

B

Having concluded that Taylor may use Rule 60(b)(6) to challenge the District Court's failure to conduct an evidentiary hearing, we next consider whether his motion was timely filed.

9

Unlike other parts of Rule 60(b), a Rule 60(b)(6) motion has no explicit deadline but rather must be filed within "a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes a 'reasonable time' . . . is to be decided under the circumstances of each case." Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir. 1959). In evaluating reasonableness, we consider, among other things, the interest in finality, the reason for the delay, the movant's diligence, and prejudice to other parties. Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610 (7th Cir. 1986); Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981).

Here, the District Court found that the Rule 60 motion was filed one year and one day after the United States Supreme Court issued Martinez. Taylor, 2014 WL 5242076, at *8. That is incorrect. The motion was filed, albeit on the incorrect docket, 364 days after Martinez was issued. Cf. Shuler v. Garrett, 715 F.3d 185, 186 (6th Cir. 2013) (observing that several sister courts of appeals have concluded that "electronically-filed motions received by the clerk of the court within the specified time period should be considered timely, even when they contain the wrong docket number"). This constitutes an erroneous fact finding, which weakens the basis for the exercise of discretion in denying relief.

Furthermore, using the correct time calculation, and under the circumstances of this case, Taylor's motion based on Martinez was filed "within a reasonable time" after Martinez was issued. Fed. R. Civ. P. 60(c)(1); see Cox v. Horn, 757 F.3d 113, 116 (3d Cir. 2014) (assessing the timeliness of a habeas petitioner's Rule 60(b) motion based on how long it was filed after the issuance of Martinez, which served as the basis for the motion, rather than the judgment's date). Taylor, a capital defendant, had pending state court proceedings challenging his

10

conviction when <u>Martinez</u> was issued.  It was not unreasonable for him to wait some period of time before filing his Rule 60(b) motion to see whether the state proceedings would be resolved in his favor because such a ruling may have rendered unnecessary further proceedings in federal court.[7]  Finally, the Commonwealth does not claim it suffered any prejudice from the delay.

Although many years have passed since his 1992 conviction, and finality is certainly important, we cannot say under these circumstances that the filing here was unreasonably delayed.  As a result, the District Court did not act within its discretion in holding Taylor's Rule 60(b)(6) motion untimely.

C

Having concluded that Taylor properly and timely invoked Rule 60(b)(6) to challenge the District Court's denial of an evidentiary hearing, we finally consider whether <u>Martinez</u> provides a basis for Taylor to reopen his federal habeas case to offer the 1999 evidence in support of his ineffective assistance of trial counsel claim.

1

<u>Martinez</u> does not offer Taylor relief.  By its terms, its exception provides only an avenue for a district court to hear a

---

[7] Moreover, although a one-year delay is not per se reasonable, filing within one year tracks Rule 60(c)(1)'s one-year window for filing the Rule 60(b) motion based on mistake, newly discovered evidence, or fraud.

11

procedurally defaulted claim of trial counsel's ineffectiveness.[8] 566 U.S. at 13-14. Taylor's claim that his trial counsel was ineffective for failing to seek a competency hearing or otherwise investigate his competency was decided on the merits and thus was not procedurally defaulted.[9] See App. 92-94 (the District Court denying on the merits Taylor's claim that trial counsel was ineffective for failing to investigate and present evidence on his competence); Taylor, 504 F.3d at 425, 438-39.

Furthermore, the rationale underlying Martinez does not support expanding it to Taylor's situation. Martinez provides a narrow and "highly circumscribed" exception concerned chiefly with "ensur[ing] that meritorious claims of trial error receive review by at least one state or federal court." Davila v. Davis, 582 U.S. 521, 529-30, 532 (2017). Taylor has obtained that review in federal court, so he cannot obtain relief based on Martinez. The District Court thus did not abuse its discretion in declining to reopen these proceedings under Rule 60(b)(6).

2

Even if Martinez provided Taylor with a way to reopen his case, AEDPA limits a federal habeas court's ability "to

---

[8] As the District Court explained, Taylor's due process claims based on his argument that he was incompetent during his guilty plea and sentencing proceedings do not come within the ambit of Martinez.

[9] Moreover, the state postconviction counsel's purported "shoddy advocacy" does not constitute attorney error that would excuse procedural default. Norris v. Brooks, 794 F.3d 401, 405 (3d Cir. 2015).

develop and consider new evidence" not presented in the state court proceedings. <u>Shoop v. Twyford</u>, 596 U.S. 811, 819 (2022). Under § 2254(e)(2), if a state prisoner "'failed to develop the factual basis of a claim in State court . . . ,' a federal court may admit new evidence, but only in two quite limited situations." [10] <u>Id.</u> (quoting § 2254(e)(2)). Specifically, a

---

[10] AEDPA provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> > (A) the claim relies on—
> >
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > >
> > > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

13

prisoner's claim must rely on either: (1) "a 'new' and 'previously unavailable' 'rule of constitutional law' made retroactively applicable by" the Supreme Court, or (2) "'a factual predicate that could not have been previously discovered through the exercise of due diligence.'" Id. (quoting § 2254(e)(2)). Even if one of these exceptions is met, a prisoner is still not entitled to introduce new evidence unless he can show that "the desired evidence would demonstrate, 'by clear and convincing evidence,' that 'no reasonable factfinder' would have convicted him of the charged crime." Id. (quoting § 2254(e)(2)(B)).

AEDPA's evidentiary bar only applies when a state prisoner fails "to develop the factual basis of a claim." Shinn, 596 U.S. at 382 (quoting § 2254(e)(2)). A prisoner "fail[s] to develop the factual basis of a claim" when "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Id. at 383 (internal quotation marks and emphasis omitted). In other words, a prisoner "bears responsibility" for failing to develop the factual basis for his federal claim when he is "at fault for the underdeveloped

---

28 U.S.C. § 2254(e)(2). Although AEDPA mentions only "evidentiary hearings" and not the admission of evidence, 28 U.S.C. § 2254(e)(2), the Supreme Court has stated that the AEDPA restrictions apply "when a prisoner seeks relief based on new evidence without an evidentiary hearing." Holland v. Jackson, 542 U.S. 649, 653 (2004) (per curiam) (emphasis omitted); Shinn, 596 U.S. at 389 (reaffirming "that § 2254(e)(2)'s restrictions apply a fortiori when a prisoner seeks relief based on new evidence without an evidentiary hearing" (quoting Holland, 542 U.S. at 653)).

14

record in state court." Id. at 382 (internal quotation marks omitted). The Shinn Court held that a prisoner bears such responsibility even when his state postconviction counsel was negligent in developing the state court record. Id. at 382-83.

In sum, when a prisoner is at fault for failing to develop the state court record to support his federal claim, including when that failure was due to his postconviction counsel's negligence, he must satisfy the § 2254(e)(2) requirements to introduce new evidence. Id. If he is not at fault for the underdeveloped record in support of his claim, however, "he will be excused from showing compliance with" § 2254(e)(2)'s requirements and may present the new evidence to the District Court. Williams v. Taylor, 529 U.S. 420, 437 (2000).

Taylor argues he is not at fault for failing to develop the 1999 evidence in state court and should be excused from satisfying § 2254(e)(2)'s requirements because his failure to develop the factual basis for his trial counsel's ineffectiveness claim in the first state postconviction proceedings was due to his initial state postconviction counsel's ineffectiveness.

Shinn forecloses Taylor's attempt to bypass § 2254(e)(2)'s requirements. The Supreme Court held that even when Martinez applies to excuse the procedural default of an ineffectiveness claim, Martinez does not permit "a federal court to dispense with § 2254(e)(2)'s narrow limits because a prisoner's state postconviction counsel negligently failed to develop the state-court record." 596 U.S. at 371. Indeed, as the Supreme Court affirmed, a "state postconviction counsel's ineffective assistance in developing the state-court record is attributed to the prisoner." Id. at 382; see also Williams v.

15

<u>Superintendent Mahanoy SCI</u>, 45 F.4th 713, 722-23 (3d Cir. 2022) (rejecting petitioner's argument that prisoners, like himself, are not "at fault for failing to develop the record when their state postconviction counsel was negligent"). Accordingly, Taylor is at fault for his postconviction counsel's alleged failure to develop the factual basis for his claim that his trial counsel was ineffective for failing to seek a competency hearing or otherwise investigate his competency.[11] As a result, even if this case were reopened, Taylor would have to satisfy § 2254(e)(2)'s requirements to introduce the 1999 evidence in federal court.

---

[11] At oral argument, Taylor's counsel argued that Taylor should be able to present the 1999 evidence to support his claim that trial counsel was ineffective for failing to investigate his competency because no state court ruled on the merits of this claim, and as such, Taylor was never afforded an opportunity to present evidence in support of his claim in the state court proceedings. Assuming his claim was procedurally defaulted for not being presented in state court, Taylor would still be barred from presenting new evidence to support his claim under <u>Shinn</u> because he cannot satisfy the § 2254(e)(2) requirements. 596 U.S. at 389 ("when a federal habeas court convenes an evidentiary hearing for any purpose, or otherwise admits or reviews new evidence for any purpose, it may not consider that evidence on the merits of a negligent prisoner's defaulted claim unless the exceptions in § 2254(e)(2) are satisfied"); <u>see also</u> <u>Taylor,</u> 504 F.3d at 437 ("The only thing that prevented Taylor from presenting [the 1999 evidence] before the first [state postconviction] court was a lack of diligence.").

16

Perhaps realizing that Shinn forecloses his argument, Taylor presents new arguments in his post-Shinn supplemental briefing and at oral argument to avoid being tagged with his postconviction counsel's purported negligence and avoid § 2254(e)(2)'s requirements. Those arguments are forfeited, as they were not presented before the District Court.[12]  See Simko

---

[12] At most, Taylor asserted before the District Court that his postconviction counsel was negligent, and his trial counsel abandoned him.  Even if Taylor preserved his argument that his postconviction counsel's failure to develop the state court record should not be imputed to him because his counsel abandoned him and therefore severed the attorney-client relationship, it fails.  The Supreme Court has identified attorney abandonment where counsel is not "operat[ing] as [a petitioner's] agent in any meaningful sense of that word." Maples v. Thomas, 565 U.S. 266, 287 (2012) (internal quotation marks omitted).  Other examples include when counsel ends her representation without notifying the client, id. at 283-84, or counsel fails to file applications on the petitioner's behalf and ceases all communications with him for several years, Holland v. Florida, 560 U.S. 631, 659-60 (2010) (Alito, J., concurring in judgment).  Nothing in the record here approaches those scenarios.  The state court record reflects that Taylor's initial state postconviction counsel took actions on his behalf and, contrary to his complaints, those actions were not so minimal to be deemed nonexistent.  In short, Taylor's dissatisfaction with this advocacy does not mean he was abandoned.  Because his postconviction counsel continued to act as his agent, that counsel's negligence for failing to present the 1999 evidence in the initial postconviction proceedings is imputed to him.  See Shinn, 596 U.S. at 382.

17

v. U.S. Steel Corp., 992 F.3d 198, 205 (3d Cir. 2021) ("[A]rguments raised for the first time on appeal are not properly preserved for appellate review.").

Because Taylor is deemed responsible for failing to develop the factual basis for his claim that his trial counsel was ineffective as it relates to his competency, if this case were reopened, he would be required to satisfy the § 2254(e)(2) requirements to present the 1999 evidence. See Shoop, 596 U.S. at 819-20. He would be unable to do so. First, Taylor has not identified "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2254(e)(2)(A)(i). Second, we have already concluded that the 1999 evidence could have been discovered through due diligence. Taylor, 504 F.3d at 437; cf. § 2254(e)(2)(A)(ii) (permitting a district court to hear new evidence to support a claim if that claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence"). Taylor therefore cannot satisfy § 2254(e)(2)'s requirements. Thus, even if the District Court could have reopened Taylor's case on the basis of Martinez, Taylor could not have presented the 1999 evidence for the District Court's consideration.

---

In addition, Taylor's request for a hearing on whether his mental health impeded his ability to assist postconviction counsel, such that he may be deemed not at fault for the failure to develop the state court record, was forfeited, as it was first raised in his March 2025 supplemental brief before us.

18

## III

For the foregoing reasons, we will affirm the District Court's order in part to the extent Taylor's Rule 60(b) motion challenged the District Court's decision not to hold a hearing, and vacate in part and remand for the District Court to dismiss Taylor's Rule 60(b)(6) motion to the extent he challenged the ruling on his trial counsel's ineffectiveness claim on the merits, as that constitutes a second or successive petition that he did not receive permission to file under 28 U.S.C. § 2244(b)(2).