Cite as 2024 Ark. App. 622

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-23-505

| | |
|---|---|
| | **Opinion Delivered** December 11, 2024 |
| J&C MOTORS OF MORRILTON, LLC, D/B/A JAY HODGE FORD OF MORRILTON<br><br>APPELLANT<br><br>V.<br><br><br><br>AUSTIN KENWAY CLAGETT AND MORRILTON GOLF AND COUNTRY CLUB<br><br>APPELLEES | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23CV-22-1318]<br><br>HONORABLE SUSAN WEAVER, JUDGE<br><br><br><br><br>REVERSED AND REMANDED |

**KENNETH S. HIXSON, Judge**

Appellant J&C Motors of Morrilton, LLC, d/b/a Jay Hodge Ford of Morrilton (Jay

Hodge Ford) appeals from an order of the Faulkner County Circuit Court that granted

separate appellee Morrilton Golf and Country Club's (the Club's) motion to strike Jay Hodge

Ford's answer to the Club's cross-claim and entered a default judgment on the cross-claim.[1]

The trial court's order was premised on its finding that Jay Hodge Ford's answer to the cross-

---

[1]Our jurisdiction of this appeal is pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(4), which provides that an appeal may be taken from an order that strikes out an answer. Although appellate Rule 2(a)(4) speaks only to an appeal from "an order which strikes out an answer, or any part of an answer, or any pleading in an action," the supreme court has relied on this rule for jurisdiction to review the related default judgment. *See S. Transit Co., Inc. v. Collums*, 333 Ark. 170, 966 S.W.2d 906 (1998).

claim was untimely filed. On appeal, Jay Hodge Ford argues that the trial court erred in striking its answer and entering the default judgment because its answer to the cross-claim, although it contained a technical error, was timely electronically filed on the last day it was due, and the circuit clerk improperly rejected the answer and filed it on the following day when the technical error was corrected. We agree with appellant's argument, and we reverse the trial court's order striking appellant's answer and entering a default judgment.

I. *Facts and Procedural History*

This litigation began on October 10, 2022, when separate appellee Austin Clagett filed a complaint against the Club and Jay Hodge Ford for breach of contract and promissory estoppel. Clagett's claims arose from a golf tournament held at the Club, which advertised the tournament by offering a truck from Jay Hodge Ford as a prize for a hole in one. Clagett alleged in the complaint that he made a hole in one on the designated hole in the tournament but did not receive the truck as promised. Clagett prayed for the enforcement of the promise to deliver the truck.

The Club filed a timely answer to Clagett's complaint on October 26, 2022, denying liability. On December 19, 2022, Jay Hodge Ford filed a timely motion to dismiss Clagett's complaint for failure to state facts upon which relief can be granted. On December 28, 2022, Clagett filed an amended complaint against the Club and Jay Hodge Ford adding an additional claim for conversion. On January 6, 2023, the Club answered Clagett's amended complaint, and on the same day, the Club filed a cross-claim against Jay Hodge Ford asserting claims for breach of contract and promissory estoppel. On January 17, 2023, Jay Hodge

2

Ford filed a motion to dismiss Clagett's amended complaint. On February 6, 2023, the trial court entered an order denying Jay Hodge Ford's motion to dismiss. On February 8, 2023, Jay Hodge Ford filed an answer to Clagett's amended complaint, denying liability.

Of importance in this appeal is the Club's January 6, 2023 cross-claim against Jay Hodge Ford wherein the Club alleged breach of contract and promissory estoppel and sought damages against Jay Hodge Ford. Pursuant to Arkansas Rule of Civil Procedure 12(a)(1), Jay Hodge Ford's answer to the cross-claim was due in thirty days. Because the thirtieth day fell on a Sunday, the deadline to file the answer was extended to the following day, which was February 6, 2023, pursuant to Arkansas Rule of Civil Procedure 6(a), which provides that when the last day of the prescribed time period is a Saturday, Sunday, or legal holiday, the period runs until the next day the clerk's office is open.

At 4:44 P.M. on February 6, 2023, which was the last day to file its answer to the cross-claim, Jay Hodge Ford transmitted its answer to the cross-claim through the eFlex filing system. However, the caption of the pleading contained an incorrect case number. The case number is 23CV-22-1318, and the caption of Jay Hodge Ford's answer to the cross-claim incorrectly identified the case number as 60CV-22-1318.[2]

On the following morning, February 7, 2023, at 8:04 a.m., Jay Hodge Ford received a rejection notice from "arkefiling@arcourts.gov." The rejection notice stated that "your electronic filing" submitted the previous day at 4:44 p.m. regarding "23CV-22-1318 . . . was

---

[2]In all of Jay Hodge Ford's other pleadings filed in the case through the eFlex system, the caption contained the correct case number.

rejected by ARKANSAS JUDICIARY." The reason given for the rejection was "the response says 60cv instead of 23cv, thank you."

Forty-five minutes after receiving the rejection notice, on February 7, 2023, at 8:49 a.m., Jay Hodge Ford retransmitted its answer to the cross-claim through the eFlex filing system with a corrected case number in the caption of the pleading. The Faulkner County Circuit Clerk file-stamped the answer as being electronically filed at 8:49 a.m. on February 7, 2023.

On February 16, 2023, the Club filed a motion to strike Jay Hodge Ford's answer to its cross-claim and motion for default judgment on the cross-claim. In its motion, the Club asserted that the answer was due on February 6, 2023, but was untimely filed on February 7, 2023. The Club argued that because Jay Hodge Ford's answer to the cross-claim was untimely, it should be struck pursuant to Arkansas Rule of Civil Procedure 12(f). The Club argued further that because Jay Hodge Ford failed to plead or otherwise defend as provided in the Arkansas Rules of Civil Procedure, it was entitled to a default judgment under Rule 55(a).

On February 27, 2023, Jay Hodge Ford filed a response to the Club's motion to strike its answer and for default judgment. In its response, Jay Hodge Ford denied that its answer was untimely, stating that it was timely transmitted on February 6, 2023. Jay Hodge Ford argued that, although its answer contained an error in the case number, it was improperly rejected by the clerk and should have been shown as filed by the clerk that day. Jay Hodge Ford noted that it retransmitted the corrected answer the following morning, which was

4

identical to the answer transmitted the previous day except for the corrected case number in the caption.

On April 10, 2023, the trial court held a hearing on the Club's motion to strike Jay Hodge Ford's answer to its cross-claim and motion for default judgment. At the hearing, the Club argued that the circuit clerk properly rejected the original answer transmitted on February 6, 2023, because it was "filed in the wrong case, had the wrong number." Jay Hodge Ford argued that its February 6, 2023 answer was electronically filed in the proper case but merely contained a typographical error in the case number and that the answer should not have been rejected by the clerk but should instead have been shown as filed that day. Jay Hodge Ford reiterated that when it retransmitted the corrected answer the following morning, it was identical to the answer transmitted the previous day except for the corrected case number in the caption. At the conclusion of the hearing, the trial court instructed the parties to file posttrial briefs, and the parties filed posttrial briefs arguing their respective positions.

On April 21, 2023, the trial court entered an order granting the Club's motion to strike Jay Hodge Ford's answer to the cross-claim and for default judgment. In its order, the trial court found that Jay Hodge Ford's answer was untimely filed on February 7, 2023, and struck it for that reason. The trial court further found that the Club was entitled to a default judgment under Rule 55(a) because Jay Hodge Ford had failed to plead or defend in a timely manner. In its order, the trial court also made the alternative finding that, even had the filing of the answer not been rejected on February 6, 2023, the answer would have

5

nonetheless been untimely under Administrative Order No. 21(7)(e) because it was filed after business hours on February 6, which was the deadline to file.[3]

Jay Hodge Ford now appeals from the trial court's order that struck its answer to the Club's cross-claim and entered a default judgment. Jay Hodge Ford argues that its answer should have been deemed timely filed on February 6, 2023, and that the trial court improperly rejected it for filing on that date.

II. *Standard of Review*

Arkansas Rule of Civil Procedure 12(f) provides that a trial court may order struck from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Pursuant to Rule 12(f), when a party fails to timely file a responsive pleading, the trial court "may" strike the pleading. *Looney v. Blair*, 2010 Ark. 479. Thus, a trial court's decision to strike an answer is reviewed under an abuse-of-discretion standard. *Id.* A trial court commits an abuse of discretion when it improvidently exercises its discretion, as when it is exercised thoughtlessly and without due consideration. *Id.*

---

[3]Jay Hodge Ford argues, and the Club concedes on appeal, that this alternative ruling by the trial court was erroneous. Administrative Order No. 21(7)(e) applies only to electronic service and the time to respond to such service, and it provides that "any document served on a day or at a time when the court is not open for business shall be deemed served at the time of the next opening of the clerk for business." This section is inapplicable. Section 6(d) pertains to electronic filing of documents and provides that "[a]ny electronic document received by the electronic filing system before midnight shall be deemed filed on that date." Therefore, this case stands or falls on whether Jay Hodge Ford's answer should be considered filed on February 6, which would be timely, or February 7, which would be untimely.

Rule 55 of the Arkansas Rules of Civil Procedure provides for entry of a default judgment when a party fails to appear or otherwise defend. *Se. Foods, Inc. v. Keener*, 335 Ark. 209, 979 S.W.2d 885 (1998). Because Rule 55(a) provides that the court "may" grant a default judgment in the event of failure to answer or otherwise defend, we apply an abuse-of-discretion standard in reviewing the grant of a default judgment. *Layman v. Bone*, 333 Ark. 121, 967 S.W.2d 561 (1998). Default judgments are not favorites of the law and should be avoided when possible. *B&F Eng'g, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992). Rule 55, as revised in 1990, reflects a preference for deciding cases on the merits rather than on technicalities. *Id.* Because of its harsh and drastic nature, which can result in the deprivation of substantial rights, a default judgment should be granted only when strictly authorized and when the party affected should clearly know he is subject to default if he does not act in a required manner. *Se. Foods, supra*.

III. *Analysis*

Jay Hodge Ford argues that the trial court erred in striking its answer to the Club's cross-claim because the trial court erroneously found that the answer was not timely filed.[4] It argues that its answer should have been deemed filed on February 6, 2023, when it was

---

[4]Although the Club contends that Jay Hodge Ford failed to sufficiently preserve this argument below because it did not affirmatively ask the trial court to change the file-mark date from February 7, 2023, to February 6, 2023, we conclude that the issue was sufficiently presented below and ruled on by the trial court. Both at the hearing and in its posttrial brief, Jay Hodge Ford argued that its answer should be deemed timely filed when it was transmitted on February 6, and the trial court rejected that argument, finding in its order that the answer was untimely filed on February 7.

7

transmitted though the eFlex filing system, which was the final day to file the answer. Jay Hodge Ford contends that although there was a typographical error in the case number, its answer was clearly filed in the proper case—contrary to the Club's contention at the hearing—as confirmed by the rejection notice it received the following day, stating that that its *electronic filing in case 23CV-22-1318* was rejected because it "says 60cv instead of 23cv." Jay Hodge Ford argues that its answer filed on February 6, 2023, was merely in improper form and that pursuant to the applicable rules, the circuit clerk should not have rejected it for filing. For the following reasons, we agree with Jay Hodge Ford's argument.

Administrative Order No. 21 governs electronic filing in Arkansas courts. Section 21(6) sets forth the rules for the electronic filing of documents, and provides:

(a) Filed Upon Transmission.

(1) *An electronic document shall be considered filed in district court or circuit court with the clerk when the transmission to the electronic filing system is completed.* Upon receipt of the electronic document, the electronic filing system shall automatically confirm to the registered user that the transmission of the electronic document was completed and the date and time of the document's receipt by the electronic filing system. Absent confirmation of receipt, there is no presumption that the electronic filing system received the electronic document, and the electronic filer is responsible for verifying that the clerk received and filed the document transmitted.

(2) Subject to review and acceptance by the clerk, an electronic document shall be considered filed in the Supreme Court or the Arkansas Court of Appeals when the transmission to the electronic filing system is completed. Upon receipt of the electronic document, the electronic filing system shall automatically confirm to the registered user that the transmission of the electronic document was completed and the date and time of the document's receipt by the electronic filing system.

(b) Existing Practice Maintained. *Electronic filing of documents does not change the rules and practice for the acceptance or rejection of documents presented to the clerk for filing.*

(c) File-mark. The electronic filing system shall affix an electronic file mark that shall have the same force and effect as a manually affixed stamp of the clerk.

(d) Time of Filing. *Any electronic document received by the electronic filing system before midnight shall be deemed filed on that date.*

(Emphasis added.) In this case, it is undisputed that Jay Hodge Ford completed the transmission of its answer at 4:44 p.m. on February 6, 2023, and it is also undisputed that February 6, 2023, was the deadline for filing the answer.

Importantly, Administrative Order No. 21(6)(b) provides that electronic filing of documents does not change the rules and practice for the acceptance or rejection of documents presented to the clerk for filing. Rule 5(c) of the Arkansas Rules of Civil Procedure sets forth the considerations for filing pleadings, and subsection (c)(1) provides that "[t]he clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in the proper form." The reporter's notes[5] to this 1993 amendment state:

> Rule 5(c) is amended by adding a new sentence providing that the clerk shall not refuse to accept any paper for filing solely because it is not presented in the proper form. Virtually identical language was added to Rule 5(e) of the Federal Rules of Civil Procedure in 1991. The amendment reflects the view that a judge, not the clerk, is the proper official to make determinations of this type. *Moreover, a clerk's refusal to accept a document for filing exposes litigants to the hazards of time bars.*

Ark. R. Civ. P. 5 addition to rep. notes 1993 amend. (emphasis added).

---

[5]While the reporter's notes are not precedent for this court, the supreme court has stated that they may offer some guidance as to a rule's meaning. *Green v. Mills*, 339 Ark. 200, 4 S.W.3d 493 (1999).

The interplay between Administrative Order No. 21 and Rule 5 dictate that an electronic document shall be considered filed in circuit court upon transmission to the electronic filing system, and the clerk shall not refuse to accept a document for filing solely because it is not in proper form. Here, the undisputed facts show that Jay Hodge Ford timely transmitted its answer on February 6, 2023, but the answer was not in proper form because, although filed in the proper case and correct in all other respects, it contained an incorrect case name in the caption, i.e., 60CV-22-1318 instead of 23CV-22-1318. Because Rule 5(c)(1) expressly provides that the clerk *shall not* refuse to accept for filing a document that is not presented in the proper form, we conclude that Jay Hodge Ford's answer should have been deemed filed on 4:44 p.m. on February 6, 2023, which was timely.

We observe that the Club, in addition to erroneously suggesting that the issue being presented on appeal is not preserved, also makes two arguments as to why Jay Hodge Ford's answer should not be deemed as filed on February 6 but instead should be considered filed a day late on February 7. We, however, disagree with these arguments.

The Club first cites Rule 10 of the Arkansas Rules of Civil Procedure, titled "Form of pleadings," and argues that when Jay Hodge Ford electronically transmitted its answer on February 6, there was a lack of compliance with subsection (a) of the rule. Section 10(a) provides that "[e]very pleading shall contain a caption setting forth the name of the court, the title of the action, *the case number* and a designation as in Rule 7(a)." (Emphasis added.) The Club asserts that because there was an error in the case number in the answer transmitted February 6, the clerk properly refused to accept the answer for filing. However,

in our view, this argument only accentuates Jay Hodge Ford's point that its answer should have been deemed filed when transmitted on February 6. Rule 10 specifically dictates the *form of pleadings*, and here, the answer was not in the proper form due to the error in the case number. As such, under Rule 5(c)(1), the answer should not have been rejected for filing.

The Club also comments on how the electronic filing system works and argues that by not clicking the "resubmit" button to file the corrected answer after it was rejected on February 7, and by instead initiating a new filing that morning, the file mark cannot relate back to the date of the original filing. However, we fail to see any support for this argument in Administrative Order No. 21 nor do we see any meaningful distinction between "resubmitting" as opposed to "filing" the new answer. Regardless of the means employed to correct the erroneous case number, under the rules, the answer should have been accepted for filing as of February 6 when it was first transmitted.

Finally, although there are no Arkansas cases directly on point, Jay Hodge Ford has cited two federal appeals cases, *Farzana v. Indiana Department of Education*, 473 F.3d 703 (7th Cir. 2007), and *Shuler v. Garrett*, 715 F.3d 185 (6th Cir. 2013), which are instructive. Both of these federal cases involved the application of a provision in Rule 5 of the Federal Rules of Civil Procedure that is the near equivalent of our Rule 5(c)(1) as discussed above. Federal Rule of Civil Procedure 5(d)(4) at present provides, "The clerk must not refuse to file a paper

solely because it is not in the proper form prescribed by these rules or by a local rule or practice."[6]

In *Farzana*, *supra*, Farzana sought review of an administrative decision under the Individuals with Disabilities Education Act in which she had thirty days to seek judicial review. Farzana filed the complaint electronically on the last day it was due, but in so doing, counsel used the docket number of a prior case that had been dismissed for failure to exhaust administrative remedies. The computer rejected the filing with the notation that the case had been closed. Two days later, Farzana filed a new complaint that was identical to the rejected complaint with the exception that the space for a docket number was blank and the word "amended" had been deleted from in front of "complaint." The district court held that the complaint was filed too late because it was filed after the expiration of the thirty-day deadline.

The Seventh Circuit Court of Appeals in *Farzana* held that the district court erred in its ruling and that the initial filing of the complaint should have been accepted even though its deficiencies required amendment to show that a new suit was being initiated. The *Farzana* court wrote:

> [T]he fact remains that the complaint was tendered to the clerk's office on the 30th day, and the computer's reaction does more to show the limits of some programmer's imagination than to render the suit untimely. Had a paper copy of the complaint been handed over the counter on July 6, a deputy clerk would have crossed out the old docket number, stamped a new one, and filed the document; there is no reason

---

[6]This provision in the federal rule was formerly designated as Rule 5(e) and contained similar language.

12

to throw this suit out of court just because the e-filing system did not know how to take an equivalent step.

By refusing to accept complaints (or notices of appeal) for filing, clerks may prevent litigants from satisfying time limits. To prevent this—to ensure that judges rather than administrative staff decide whether a document is adequate—Fed. R. Civ. P. 5(e) was amended in 1993 to require clerks to accept documents tendered for filing. The last sentence of this rule provides: "The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices." . . .

Defendants contend that trying to file a complaint in a closed case is not a formal error, so that Rule 5(e) does not apply. Yet the equivalent mistake in filing paper copies is writing the wrong docket number on top of the papers, and that's an error of form rather than substance. Papers with bad docket numbers, or the wrong size (say, legal rather than letter), or with sections in the wrong order (say, a summary of argument ahead of the statement of facts), all display improper form.

. . . .

Rule 5(e) will serve its function best if "proper form" covers all matters regulated by the rules of procedure. Clerks thus must take in whatever is tendered to them; a document may be rejected later if a judicial officer finds a problem, but the initial filing ensures that the process of vetting papers for compliance with the rules does not prevent satisfaction of time limits. An e-filing system likewise must accept every document tendered for filing; it cannot reject any paper that the clerk must accept.

*Farzana*, 473 F.3d at 707–09. The *Farzana* court thus held that the complaint was timely filed and reversed and remanded the case for a decision on the merits.

In *Shuler*, *supra*, the Sixth Circuit Court of Appeals considered a similar issue. In that case, Shuler electronically filed a Rule 59 motion to alter or amend an order of dismissal, which was filed on the last day it was due. However, at the time of filing, Shuler's counsel entered the wrong docket number into the electronic filing system. After realizing the mistake, Shuler's counsel refiled the motion under the correct docket number six days later.

13

Due to the technical error in filing the Rule 59 motion, the district court found that the motion was untimely.

The appellees in *Shuler* argued on appeal that the fact that the motion was filed under the wrong docket number meant that, in effect, it was not filed at all. The Sixth Circuit Court of Appeals disagreed and held that the Rule 59 motion had been timely filed. The *Shuler* court wrote:

> We thus have before us a question of first impression in this circuit: what is the effect of listing the wrong docket number on an electronically filed motion? Our research indicates that other circuit courts addressing this question in similar factual circumstances have concluded that electronically-filed motions received by the clerk of the court within the specified time period should be considered timely, even when they contain the wrong docket number.

*Shuler*, 715 F.3d at 186. After discussing numerous federal appeals cases, including *Farzana*, that held that similar kinds of errors do not necessarily render filings untimely, the *Shuler* court continued:

> The district court in this case suggested that these precedents were not persuasive because the errors in those cases were not caused by the attorneys but by technical "bugs" in the system. That reading of these opinions is, however, incorrect. In many of these cases, the ultimate source of the problem was the attorneys, as was true in this case. *See Farzana*, 473 F.3d at 704 ("[M]aking a second mistake, counsel used the docket number of [an earlier] suit."). The precedents—particularly *Farzana*—appear to be directly on point. And, significantly, there appears to be no contrary authority.
>
> In this circuit, we have honored the admonition in Rule 5(d)(4) of the Federal Rules of Civil Procedure since its amendment in 1991 to provide, in pertinent part, that "[t]he clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices." Fed. R. Civ. P. 5(d)(4); *see also In re Toler*, 999 F.2d 140, 141–42 (6th Cir. 1993). Under that rule, plaintiffs' Rule 59 motion should be considered timely filed.

14

*Shuler*, 715 F.3d at 187 (some citations omitted).

Similar to *Farzana* and *Shuler*, the present case involves a timely electronic filing by Jay Hodge Ford that contained the wrong case number and was therefore not presented in proper form. Pursuant to Arkansas Rule of Civil Procedure 5(c)(1) and for the reasons discussed above, Jay Hodge Ford's answer to the Club's cross-claim should have been accepted for filing by the clerk and considered timely filed.

IV. *Conclusion*

In conclusion, we hold pursuant to our rules that Jay Hodge Ford's answer to the Club's cross-claim, although in improper form because it contained an error in the case number, should have been deemed timely filed when it was electronically transmitted on February 6, 2023, which was the final day to file the answer. Because Jay Hodge Ford's answer was timely filed, we hold that the trial court abused its discretion in striking the answer and in entering a default judgment on the Club's cross-claim. Accordingly, we reverse the trial court's order striking Jay Hodge Ford's answer and for default judgment, and we remand for further proceedings.

Reversed and remanded.

BARRETT and BROWN, JJ., agree.

*Wright, Lindsey & Jennings LLP*, by: *Kyle R. Wilson* and *Gary D. Marts, Jr.*; and *Shane Henry & Associates, PLLC*, by: *Shane A. Henry*, for appellant.

*The Jiles Law Firm, LLP*, by: *Gary D. Jiles*, for separate appellee Morrilton Golf and Country Club.